# 3

COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 2675CV00024

1942 REALTY, LLC,

Plaintiff,

v.

MATTHEW W. BONANNO, EMILY J. BONANNO, JANE DOE, and THE CINCINNATI INSURANCE COMPANY,

Defendants.

Filed 09/09/2026

**MOTION TO DISMISS OF THE CINCINNATI INSURANCE COMPANY**

The Cincinnati Insurance Company, defendant in this matter, moves pursuant to Mass. R. Civ. P. 12(b)(6) and Mass. R. Civ. P. 12(h), for dismissal of the Plaintiff's only claim asserted against it, for "Declaratory Judgment" for the reasons set forth below, and as described in the accompanying Memorandum of Law:

1. Plaintiff's Complaint alleges, broadly, that the plaintiff suffered property damage to a home located in Nantucket County, and alleges that the damage is attributable to the actions of Matthew Bonanno and Emily J. Bonanno, Cincinnati Insurance Company's insureds, and that the Cincinnati Insurance Company issued a policy to Mr. Bonanno and Mrs. Bonanno, affording liability insurance coverage for the period at issue.

2. Plaintiff's Complaint seeks a declaration that the incident described in its complaint is a "covered occurrence" under the Cincinnati Insurance Company policy, and Cincinnati Insurance Company therefore has an obligation to "indemnify" its insureds against the losses and damage sought by the Plaintiff.

3. The Plaintiff's Complaint does not assert that any judgment has been obtained against Matthew Bonanno nor against Emily J. Bonanno, nor does it afford any basis to conclude that Mr. Bonnano or Mrs. Bonnano have been adjudicated "legally obligated to pay" the damages sought, and therefore, any declaration concerning the duty to indemnify is premature;

4. The Plaintiff's Complaint does not properly state a claim for declaratory judgment, as the Plaintiff and the Cincinnati Insurance Company are not parties to an "actual controversy," as presently, in the absence of a judgment against Cincinnati Insurance Company's insureds, the Plaintiff lacks any enforceable right in the Policy.

5. The Plaintiff's Complaint does not properly state a claim for declaratory judgment, as the Plaintiff lacks any standing to assert claims against the Cincinnati Insurance Company, as the liability of the Cincinnati Insurance Company's insureds has yet to be determined;

6. The Plaintiff's Complaint, as to Cincinnati Insurance Company, is an attempt to evade the prohibition on direct action against insurance companies, except within the bounds of statutory reach-and-apply or bad faith actions, and therefore, fails to state a claim upon which relief may be granted.

Therefore, the Cincinnati Insurance Company respectfully requests that the claims against it be dismissed with prejudice.

Respectfully submitted,
The Defendant,
CINCINNATI INSURANCE COMPANY,
By Its Attorney,

Nora R. Adukonis, BBO #676932
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
Tel. (781) 309-1500
Fax (781) 246-0167
adukonis@litchfieldcavo.com

## CERTIFICATE OF SERVICE

I, Nora R. Adukonis, hereby certify that on this 11th day of August, 2026, I served the within document on all counsel or record via electronic mail as follows:

Raymond H. Tomlinson, Jr., Esq.
Tomlinson Law
76 Tupper Road, Suite 11
Sandwich, MA 02563
rht@tomlinsonlaw.com
***Counsel for Plaintiff***

Nora R. Adukonis