#3.1

COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 2675CV00024

1942 REALTY, LLC,

Plaintiff,

v.

MATTHEW W. BONANNO, EMILY J. BONANNO, JANE DOE, and THE CINCINNATI INSURANCE COMPANY,

Defendants.

Filed 09/09/2026

**MEMORANDUM OF LAW OF THE CINCINNATI INSURANCE COMPANY IN CONNECTION WITH ITS MOTION TO DISMISS**

Cincinnati Insurance Company, defendant in this matter, moves pursuant to Mass. R. Civ. P. 12(b)(6) and 12(h), for dismissal on the basis that the Plaintiff's Complaint fails to adequately allege any basis for a declaratory judgment, as there is no "actual controversy" and the Plaintiffs have no standing.

## I. ALLEGATIONS IN COMPLAINT

Plaintiff's Complaint alleges the following: 1942 Realty LLC is the owner of property at 12 Galen Avenue in Nantucket, Massachusetts. Pl. Compl. ¶ 1. Defendant Matthew Bonanno rented the property for a two-week period in August of 2025, at a price of $54,848.77, including taxes and an "administrative fee." Pl. Compl. ¶ 11-13.

While Mr. Bonanno occupied the property, a toilet overflowed in the third-floor bathroom. Pl. Compl. ¶ 18. The water was not detected for two hours, which the plaintiff attributes to one of the named defendants having moved a water sensor in that room. Pl. Compl.

¶ 19, 25. The overflow caused water damage. Pl. Compl. ¶¶ 28-30. Plaintiff canceled vacation bookings for the rest of the season. Pl. Compl. ¶ 28. However, plaintiff's own insurance policy contained a "Water or Steam Damage Endorsement" which limited the amount of coverage to $50,000. Pl. Compl. ¶ 29.

Plaintiff demanded compensation from Mr. Bonanno, his wife, their nanny, and their liability insurance carrier, Cincinnati Insurance Company. Pl. Compl. ¶ 36. Plaintiff, through counsel, threatened declaratory judgment against the carrier prior to initiating any claim. Pl. Compl. ¶ 36. When Cincinnati was notified of the claim, Cincinnati indicated that there was no support for any negligence on the part of its insured, Mr. Bonanno. Pl. Compl. ¶ 39.

Plaintiff seeks a "Declaratory Judgment" that the policy issued to Mr. Bonanno, by Cincinnati, will indemnify Mr. Bonanno for the damage alleged in the Plaintiff's Complaint. Pl. Compl. ¶ 97-16. Plaintiff does not allege that there has been a bad faith failure to settle, does not allege that liability is reasonably clear, and has not included a cause of action pursuant to G.l. c. 93A and 176D. The only cause of action asserted against the Cincinnati Insurance Company is for "Declaratory Judgment." The declaratory judgment seeks a declaration that the water damage was an "occurrence" covered by the policy, and therefore, that Cincinnati Insurance Company has a duty to indemnify the Bonannos for the claims made by Plaintiff.

## II. STANDARD

"When evaluating a motion to dismiss a claim for declaratory relief under rule 12 (b) (6), a judge must proceed in two steps." *Buffalo-Water 1, LLC v. Fid. Real Est. Co., LLC,* 481 Mass. 13, 18 (2018). "First, the judge must determine whether the claim was 'properly brought.'" *Id.* (citing *Mscisz v. Kashner Davidson Sec. Corp*., 446 Mass. 1008, 1010 (2006)). A claim for declaratory relief is properly brought when the plaintiff demonstrates that an "actual controversy

exists" and that the plaintiff has standing to sue. *Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc. v. Commissioner of Ins.*, 373 Mass. 290, 292-293 (1977) (explaining standing requirement). If the claim is "properly brought," "the judge must proceed to the second step: determining whether the facts alleged by the plaintiff in the complaint, if true, state a claim for declaratory relief that can survive a defendant's motion to dismiss." *Buffalo-Water 1, LLC,* 481 Mass. at 18.

## III. ARGUMENT

"[F]or a court to entertain a petition for declaratory relief" there must be "(a) an actual controversy sufficient to withstand a motion to dismiss must appear on the pleadings; and (b) even if there is a finding of actual controversy, a plaintiff must demonstrate the requisite legal standing to secure its resolution." *Galipault v. Wash Rock Invs., LLC,* 65 Mass. App. Ct. 73, 83–84 (2005) (citing *Massachusetts Assn. of Indep. Ins. Agents & Brokers, Inc.,* 373 Mass. at 292.)

### A. Declaratory relief may not be entertained, as no "real dispute" exists between a tort claimant and a tortfeasor's insurance carrier until a judgment has been issued against the tortfeasor.

"An 'actual controversy' exists when there is 'a real dispute caused by the assertion by one party of a legal relation, status or right in which he has a definite interest, and the denial of such assertion by another party also having a definite interest in the subject matter, where the circumstances attending the dispute plainly indicate that unless the matter is adjusted such antagonistic claims will almost immediately and inevitably lead to litigation.'" *Wells Fargo Fin. Massachusetts, Inc. v. Mulvey*, 93 Mass. App. Ct. 768, 771 (2018). Declaratory judgment actions are "concerned with the resolution of real, not hypothetical, controversies." *Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc.*, 373 Mass. at 292–93. For an "actual controversy" to exist between the parties, it is not enough for the plaintiff to merely claim some interest that may be

harmed by the defendant; the defendant must have "violated some duty owed" to the plaintiff." *Source One Fin. Corp. v. Geico Indem. Co.,* 546 F. Supp. 3d 97, 99 (D. Mass. 2021) (*citing and quoting Enos v. Sec'y of Env't Affs*., 432 Mass. 132 (2000) (internal quotations and citations omitted)).

1. *As the plaintiff has no right to receive payment from the defendant, there can be no present dispute between them.*

A tort claimant has no direct, enforceable right against a tortfeasor's liability carrier until judgment enters against a tortfeasor. *See Rogan v. Liberty Mut. Ins. Co.,* 305 Mass. 186, 187–88 (1940); *Kiley v. Stanley,* 328 Mass. 652, 652 (1952) *see also Shapiro v. State Farm Mut. Ins. Co.*, 355 Mass. 54, 57 (1968) (valid judgment prerequisite to action against insurance carrier on liability policy) *and Cubberley v. Com. Ins. Co*., 495 Mass. 289, 294 (2025) (plaintiffs had no cause of action against insurance carrier directly, concerning its obligation to pay certain damages under liability policy, because they had not first obtained judgments against its insureds); *see also Martins v. Vermont Mut. Ins. Co*., 662 F. Supp. 3d 55, 64–65 (D. Mass. 2023), *aff'd,* 92 F.4th 325 (1st Cir. 2024).

As there has been no judgment entered against Cincinnati Insurance Company's named insureds, plaintiff has no right to payment. As plaintiff has no right to payment from defendant, there can be no present "real" dispute between these parties, and the declaratory judgment claim must be dismissed.

2. *Declaratory judgment cannot be used as an "end run" around the absence of a direct, pre-judgment cause of action against an alleged tortfeasor's liability insurer outside of G. L. c. 93A.*

"[A] party may not seek declaratory relief to effect an 'end run' around the absence of a private right of action where the Legislature intended to foreclose certain remedies." *Serv. Emps. Int'l Union, Loc. 509 v. Dep't of Mental Health,* 469 Mass. 323, 336 (2014) (citing *Boston Med.*

*Ctr. Corp. v. Secretary of the Executive Office of Health & Human Servs.,* 463 Mass. 447, 471, (2012); *Green v. Mansour,* 474 U.S. 64, 73 (1985)). Massachusetts law recognizes only two instances where a tort claimant may bring suit against the alleged tortfeasor's liability insurer: (1) statutory "reach and apply" action pursuant to G. L. c. 214, § 3(9), and (2) an action pursuant to G.L. c. 93A §§ 9 or 11[1]. *See Lifchits v. Integon Nat'l Ins. Co.,* No. 18-CV-12637-ADB, 2020 WL 4756272, at *5 (D. Mass. Aug. 17, 2020) (discussing absence of direct action against insurer outside these two circumstances, and gathering cases as examples of each).

Absent a judgment against the insured, a tort claimant has no right to seek payment from the insurer via reach-and-apply. *Tessier v. State Farm Mut. Ins. Co.,* 334 F. Supp. 807, 808 (D. Mass. 1971), *aff'd,* 458 F.2d 1299 (1st Cir. 1972) ("The question presented is whether or not such a direct action against the insurer without naming the insured, or without having previously obtained a judgment against the insured, is properly maintainable."); *Lifchits v. Progressive Corp.,* 97 Mass. App. Ct. 1106, 142 N.E.3d 91 (2020) (table disposition) (as there was no judgment, there can be no direct action, and further noting that in such an action, the insurer is able to raise all defenses to coverage, including those based on conduct of its own insured). Likewise, in the absence of a duty to settle with the tort claimant – which is not here alleged -- there can be no cognizable violation of G.l. c. 93A. See *Martins v. Vermont Mut. Ins. Co.*, 662 F. Supp. 3d 55, 63 (D. Mass. 2023*) aff'd,* 92 F.4th 325 (1st Cir. 2024) (denying motion to amend as futile, where there was no plausible, non-futile claim that the insurer had failed to make a reasonable settlement offer when liability was reasonably clear).

---

[1] Plaintiff cannot bring an action pursuant G.L. c. 93A § 9, as plaintiff, a limited-liability company, is engaged in trade or commerce. Therefore, its only avenue would be under G.L. c. 93A § 11, which does not import the statutory "unfair settlement practices" provisions of G. L. c. 176D § 3(9) automatically.

Plaintiff cannot assert a claim to reach-and-apply absent a judgment against defendant's insured; it cannot assert a claim under G. L. c. 93A, unless it can plausibly allege an actual loss of money or property caused by failure to settle when liability was reasonably clear. Having done neither, the plaintiff cannot make use of the declaratory judgment statue as substitute.

**B. The plaintiff lacks standing to obtain the declaration sought, as presently only Cincinnati Insurance Company's insureds, Mr. Bonanno and Mrs. Bonanno, have an interest in Cincinnati Insurance Company's duties to defend and indemnify.**

"Although the standing requirements under G.L. c. 231A should be liberally construed, there are limits to the matters that can be heard in an action for a declaratory judgment." *Enos v. Sec'y of Env't Affs.*, 432 Mass. 132, 141, 731 N.E.2d 525, 532 (2000). The declaratory judgment statute is not, itself, an independent basis for standing. *See Enos,* 731 N.E.2d at 528; *see Source One Fin. Corp. v. Geico Indem. Co.,* 546 F. Supp. 3d 97, 100 (D. Mass. 2021). The plaintiff, to demonstrate "standing" must establish that he or she "is a person entitled to initiate judicial resolution of the controversy." *Massachusetts Ass'n of Indep. Ins. Agents & Brokers, Inc. v. Comm'r of Ins.*, 373 Mass. 290, 293 (1977). "Because standing is a question of subject matter jurisdiction" where standing is absent, dismissal is required. *HSBC Bank USA, N.A. v. Matt,* 464 Mass. 193, 199 (2013) (discussing lack of standing under Mass. R. Civ. P. 12(h)(3)) *see also Murchison v. Zoning Bd. of Appeals of Sherborn*, 485 Mass. 209, 218 (2020) (where plaintiffs "lack standing ... we order[ ] dismissal of the appeal without reaching the merits"); *Cubberley v. Com. Ins. Co.,* 495 Mass. 289, 294 (2025) (discussing standing in the context of declaratory judgment).

1. *Plaintiff does not have standing to seek a declaration of the Cincinnati Insurance Company's duties under the insurance policy, as, at present, those duties are owed only to Cincinnati Insurance Company's named insureds.*

"To have standing in any capacity, a [plaintiff] must show that the challenged action has caused the [plaintiff] injury." *Town of Sudbury v. Massachusetts Bay Transportation Auth.,* 485 Mass. 774, 779 (2020) (citing *Slama v. Attorney Gen., 384* Mass. 620, 624 (1981)). "Standing" cannot rest "on the rights of third parties." C*ity of Bos. v. Rockland Tr. Co.,* 391 Mass. 48, 57 (1984) (*citing Barrows v. Jackson*, 346 U.S. 249, 255 (1953); *Klein v. Catalano*, 386 Mass. 701, 714 (1982) (lienholder could not initiate declaratory judgment to challenge tax seizure of property against which it held lien; only the owner had the right to challenge seizure)). Under a liability insurance policy, the insurer owes two separate duties: The duty to defend, which is defined by the allegations in the complaint (*Sterilite Corp. v. Cont'l Cas.* Co., 17 Mass. App. Ct. 316, 318–19 (1983)) and the duty to indemnify, which depends -- in large part, although not wholly – on the facts found at trial. *See Newell-Blais Post No. 443, Veterans of Foreign Wars of U.S., Inc. v. Shelby Mut. Ins. Co.*, 396 Mass. 633, 638 (1986) (entry of order concerning duty to indemnify prior to reaching a verdict was premature, as the judgment may fall within policy exclusion, or insured may breach policy condition); *see also Travelers Ins. Co. v. Waltham Indus. Lab'ys Corp.,* 883 F.2d 1092, 1100 (1st Cir. 1989) (duty to indemnify against damage from sludge in crawlspace, as it could be excluded, could not be determined prior to trial). Both the duty to defend and to indemnify are owed to the insured, not to the claimant.. *See Stormo v. State Nat'l Ins. Co.,* 116 F.4th 39, 46 (1st Cir. 2024), cert. denied, 145 S. Ct. 1430, 221 L. Ed. 2d 555 (2025) (discussing duty to defend and to indemnify where insured assigned its claims against insurer to claimant).

Plaintiff seeks a declaration that its claim constitutes a "covered occurrence[2]" and therefore Cincinnati Insurance Company has an obligation to "indemnify" against the damages sought. Plaintiff, however, has no right to assert a claim for "indemnity" – nor even for defense – under the policy, as these rights do not belong to the plaintiff. These rights belong to the named insureds.

2. *Plaintiff has no standing to seek a declaration concerning the "duty to indemnify" as no judgment has issued, and therefore, the issue of indemnity cannot be resolved.*

"[T]he nature of the claim and not the ultimate judgment against the insured ... triggers the duty to defend ... even though the plaintiff may not succeed and the claim may, in fact, be weak or frivolous." A.A. Sansoucy, Liability Insurance Law in Massachusetts 8 (2d ed. 2008). See 14 G. Couch, Insurance § 200:3, at 200–9 (3d ed. 2005) ("insurer has the duty to defend an insured against a lawsuit based merely on the potential of liability under a policy, despite the fact that the insurer could eventually be determined to have no duty to indemnify the insured"). The duty to indemnify, by contrast depends on the facts found at trial, the judgment ultimately entered against the insured, and the resolution of any defenses the insurer may have as to coverage. *See Travelers Ins. Co.*, 883 F.2d at 1100 (whether there was a duty to indemnify depends on the ultimate judgment); *Martins.*, 92 F.4th at 329 *as cited in Cubberley,* 495 Mass. at 293; *Tessier v. State Farm Mut. Ins. Co.*, 458 F.2d 1299, 1300 (1st Cir. 1972) (holding that the coverage defenses relating to the conduct of an insured are "procedurally difficult, and

---

[2] It is unclear what the plaintiff, in fact, means by this. The terms of liability coverage do not obligate an insurer to compensate an insured for any damage caused by an "occurrence," but rather provide, broadly, for payment of "those sums the 'insured' becomes legally obligated to pay as damages because of "bodily injury", "personal injury" or "property damage" to which this insurance applies. The existence of an "occurrence" is a necessary but not sufficient condition for coverage, and does not trigger the duty to indemnify.

sometimes perhaps substantively impossible, to raise…in conjunction with the original tort action.”).

Plaintiff's Complaint alleges, broadly, that the plaintiff suffered property damage, and alleges that the damage is attributable to Cincinnati Insurance Company's insureds. Plaintiff's Complaint does not assert that judgment has entered establishing a legal obligation to pay on behalf of the insured. In the absence of a “legal obligation to pay” the duty to indemnify cannot be resolved.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, as to the Cincinnati Insurance Company, because the single count asserted, for declaratory judgment, fails to adequately allege the existence of an actual controversy; an injury sufficient for standing; or any right to relief. Furthermore, the Declaratory Judgment County is an attempt to evade the statutory requirements for a Reach-and-Apply Action, and/or one under G.L. c. 93A, and therefore, must be dismissed.

Respectfully submitted,
The Defendant,
CINCINNATI INSURANCE COMPANY,
By Its Attorney,

____________________________________
Nora R. Adukonis, BBO #676932
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
Tel. (781) 309-1500
Fax (781) 246-0167
adukonis@litchfieldcavo.com

## CERTIFICATE OF SERVICE

I, Nora R. Adukonis, hereby certify that on this 11th day of August, 2026, I served the within document on all counsel or record via electronic mail as follows:

Raymond H. Tomlinson, Jr., Esq.
Tomlinson Law
76 Tupper Road, Suite 11
Sandwich, MA 02563
rht@tomlinsonlaw.com
***Counsel for Plaintiff***

Nora R. Adukonis