COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2675CV00024

1942 REALTY, LLC,
Plaintiff,

v.

MATTHEW W. BONANNO, EMILY J. BONANNO, JANE DOE, AND THE CINCINNATI INSURANCE COMPANY,
Defendants.

Filed 09/09/2026

**PLAINTIFF'S CROSS-MOTION FOR AN ORDER REALIGNING DEFENDANTS MATTHEW W. BONANNO AND EMILY J. BONANNO WITH PLAINTIFF IN OPPOSITION TO CINCINNATI INSURANCE COMPANY'S MOTION TO DISMISS COUNT XI**

**(MEMORANDUM INCORPORATED)**

NOW COMES Plaintiff 1942 Realty, LLC ("Owner"), pursuant to Mass. R. Civ. P. 13(g), 19, and 21, and G.L. c. 231A, §§ 8 and 9, and respectfully moves this Court for an order recognizing that Defendants Matthew W. Bonanno and Emily J. Bonanno (the "Bonanno Defendants") are, on the coverage question presented in Count XI of the Complaint, aligned with Owner in opposition to the motion to dismiss filed by their insurer, The Cincinnati Insurance Company ("Cincinnati"). In support thereof, Owner states as follows:

## I. THE BONANNO DEFENDANTS ARE DIRECTLY AND ADVERSELY AFFECTED BY CINCINNATI'S MOTION AND ARE NOT REPRESENTED BY INDEPENDENT COVERAGE COUNSEL.

Cincinnati's motion seeks dismissal of Count XI — the "sole" count Cincinnati claims is directed to it — but which count expressly names the Bonanno Defendants *alongside* Cincinnati as its named insureds and asks this Court to declare that the water overflow Loss of August 21, 2025 (the "Loss") constitutes a covered "occurrence" under Cincinnati Policy No. 05C011064266

(the "Cincinnati Policy") and that Cincinnati is obligated to indemnify the Bonannos for the damages established in this action. The Cincinnati Policy affords $1,000,000 in personal liability coverage per occurrence — an amount sufficient to satisfy in full the totality of Owner's documented losses of more than $215,000.

The Bonanno Defendants are the named insureds under the Cincinnati Policy. Their live-in nanny, defendant Jane Doe aka "Chloe", is a household member and likely covered under the Policy. Each of these defendants has a direct, concrete, and substantial financial interest in the resolution of the coverage question that Cincinnati's motion seeks to remove from this proceeding. If Cincinnati's motion is allowed, the coverage question will be taken out of this case and will resurface either in a separately-filed declaratory judgment action initiated by Cincinnati or after entry of judgment against the Bonannos — at which point Cincinnati will litigate indemnity in a separate proceeding, with additional time to develop coverage defenses, at substantial additional cost to the parties and the court, and in which the Bonannos will bear the full burden of establishing coverage – including for a judgment that may already have been entered against them personally.

Not unlike Cincinnati's coverage counsel, the attorney Cincinnati retained to defend the underlying liability claims — who informed Owner's counsel that he had been engaged by Cincinnati, had not yet conferred with his clients, and had not determined whether he would represent the nanny defendant, Jane Doe — is not positioned to advise the Bonannos and Jane Doe on their independent coverage interests or to represent them in connection with Count XI. On the coverage question, the interests of the Bonannos and Jane Doe are directly adverse to Cincinnati's: they need the Loss declared a covered occurrence so that any judgment entered against them will be satisfied by Cincinnati rather than from their personal assets.

Panel defense counsel selected and compensated by Cincinnati is not positioned to advise the Bonannos and Jane Doe on their independent coverage interests or to determine whether those interests require a different posture from the one Cincinnati's selected counsel would adopt on the liability defense.[1]

That concern is no longer theoretical. On August 14, 2026 — three days after Cincinnati served the within motion, and copying Cincinnati's separate coverage counsel — the attorney Cincinnati selected to defend the Bonannos wrote to Owner's counsel to demand disclosure of Owner's liability insurance and to preserve claims by the Bonannos against Owner arising from the rental and the Loss. A copy of that letter and its transmittal email is appended as **Exhibit A** to Owner's Opposition, served contemporaneously herewith.

The letter is significant less for what it says than for what it omits. Cincinnati's selected defense counsel writes "on behalf of Matthew W. Bonanno and Emily J. Bonanno" — not on behalf of Jane Doe, for whom no counsel has appeared. Defense counsel is actively pursuing indemnity for the Bonannos from a third party's insurer. Defense counsel advances no position whatsoever concerning the Bonanno Defendants' coverage under the Cincinnati Policy, and Cincinnati did not

[1] Magoun v. Liberty Mut. Ins. Co., 346 Mass. 677, 684 (1964) ("Where the insured's interest in controlling tort litigation against him conflicts with the similar interest of the insurer, the insured may have good cause to ask that he be represented by counsel independent of the insurer" and "[a] potential conflict may arise between an insured and insurer when an insurer defends under a reservation of rights. Even if no actual conflict ever materializes, the threat of conflict is so great that a reservation of rights defense is often treated as an actual conflict."); see also Three Sons, Inc. v. Phoenix Ins. Co., 357 Mass. 271, 275-277 (1970) and Northern Sec. Ins. Co., Inc. v. R.H. Realty Trust, 78 Mass.App.Ct. 691 (2011) ("When an insurer seeks to defend its insured under a reservation of rights, and the insured is unwilling that the insurer do so, the insured may require the insurer either to relinquish its reservation of rights or relinquish its defense of the insured and reimburse the insured for its defense costs."), quoting Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 406-407 (2003).

serve defense counsel with the motion that seeks to remove that question from this case. On the coverage question that matters most to them, Cincinnati's insureds are represented by no one.

## II. THE BONANNO DEFENDANTS SHOULD BE RECOGNIZED AS ALIGNED WITH OWNER IN OPPOSITION TO CINCINNATI'S MOTION TO DISMISS COUNT XI.

Under G.L. c. 231A, § 9, the declaratory judgment statute is to be "liberally construed." G.L. c. 231A, § 9 ("Its purpose is to remove, and to afford relief from, uncertainty and insecurity with respect to rights, duties, status and other legal relations, and it is to be liberally construed and administered."). The Court thus has broad equitable discretion to structure declaratory judgment proceedings in a manner that ensures all interested parties are heard and that the resolution of the coverage question serves judicial efficiency. Billings v. Commerce Ins. Co., 458 Mass. 194, 199-201 (2010) (duty to defend assessed on allegations of complaint and facts known or readily knowable by insurer); MASS.R.CIV.P. 57 ("the court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar," and that "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.") The Bonannos are already parties to this action; they need no separate joinder. They have standing — independent of Owner — to oppose Cincinnati's motion, because the motion directly and adversely affects their rights under the Cincinnati Policy and their personal financial exposure.

Massachusetts courts structure declaratory judgment proceedings to reflect the actual interests of the parties, not their nominal caption positions. Mass. R. Civ. P. 19(a) recognizes that a person who should join as a plaintiff but refuses to do so may be made a defendant; Rule 21 expressly provides that misjoinder is not grounds for dismissal and that parties may be added or dropped at any stage; and Rule 13(g) permits a defendant to assert a crossclaim against a co-defendant arising from the same transaction, including a claim that the co-party "is or may be

liable" for all or part of the plaintiff's claim. See also City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941) (courts must "look beyond the pleadings and arrange the parties according to their sides in the dispute"). On the coverage question presented in Count XI, the Bonannos' interests are aligned with Owner's: both need the Loss declared a covered occurrence. Cincinnati stands alone in seeking the opposite result and its stated rationale mischaracterizes the law.

This Court should enter an order recognizing the Bonanno Defendants' adverse interest in Cincinnati's motion and inviting them — through independent coverage counsel — to join Owner's opposition or to file a separate opposition of their own, or to advance a cross-claim as against Cincinnati, or both, and with a brief continuance to afford them the opportunity to do so. In the alternative, the Court should DENY Cincinnati's motion for the reasons set forth in Owner's accompanying opposition memorandum, which establishes that no party — Owner or the Bonannos — is served by removal of Count XI from this proceeding at this stage.

## III. DISMISSAL SIMPLY SPAWNS A DUPLICATIVE PROCEEDING.

Cincinnati's motion to dismiss Count XI is entirely counterproductive. Dismissal does not resolve the coverage question — it relocates it. Massachusetts law already contemplates that when an insurer disputes coverage, it should file a declaratory judgment action in Superior Court naming both the insured and the claimant as parties. Espinal v. Liberty Mutual Ins. Co., 47 Mass.App.Ct. 593, 598-599 (1999). If Count XI is dismissed, Cincinnati will file exactly that action — in a forum of its own choosing, on its own timing, where it controls the framing. That is the definitional purpose of wielding Rule 12 as a forum-selection device: dismiss here, refile more favorably. G.L. c. 231A, § 9's command that the statute be liberally construed to "remove . . . uncertainty and insecurity with respect to rights, duties, status and other legal relations" is designed precisely to prevent that result. Denying the motion is not merely equitable — it prevents Cincinnati from using Rule 12 as a vehicle to escape a properly chosen forum and multiply litigation.

## IV. G.L. c. 231A, § 8 AND THE MASSACHUSETTS RULES FAVOR INSURED PARTICIPATION AND AN IN-CASE PROCEDURAL CURE RATHER THAN DISMISSAL.

Cincinnati's motion to dismiss is not only inequitable — it is jurisdictionally self-defeating. Cincinnati ignores Chapter 231A's command that both Owner and the Bonannos be joined in the same proceeding: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." G.L. c. 231A, § 8. This mandate is jurisdictional, not discretionary. The failure to name necessary parties "may be jurisdictional in a declaratory judgment action, thereby precluding the court's consideration of the issue." Service Employees Int'l Union, Local 509 v. Dep't of Mental Health, 469 Mass. 323, 338 (2014); accord, Buffalo-Water 1, LLC v. Fidelity Real Estate Co., 481 Mass. 13, 18 (2019). Where necessary parties are absent, "any declaration of rights would be merely academic as to persons not parties to the proceedings." Service Employees, 469 Mass. at 338-339; see also Source One Fin. Corp. v. GEICO Indem. Co., 546 F.Supp.3d 97, 100-101 (D. Mass. 2021) (dismissing coverage declaratory count because named insureds whose interests would be directly affected were not parties; any judgment would have no binding effect on them and they could institute their own subsequent actions).

Crucially, when the SJC in Service Employees concluded that necessary parties were missing from a Chapter 231A proceeding, it did not affirm *dismissal*. Rather, it vacated the judgment of dismissal and remanded for *joinder*. 469 Mass. at 339. Here, the Bonannos are already parties; there is no joinder defect to cure. Any alignment or pleading concern is therefore even more readily resolved through the less disruptive remedies that Rule 21 and Rule 13(g) expressly authorize: adding or dropping parties, or allowing the Bonannos to assert a cross-claim, rather than terminating the controversy entirely.

Cincinnati's own memorandum resolves the § 8 inquiry. Cincinnati states that "only Cincinnati Insurance Company's named insureds, Mr. Bonanno and Mrs. Bonanno, have an interest in Cincinnati Insurance Company's duties to defend and indemnify." MEM. at 7-8. Cincinnati thus concedes that the Bonannos are necessary parties under G.L. c. 231A, § 8 — persons "who have or claim any interest which would be affected by the declaration." The Bonannos are already defendants in this action; they need no separate joinder. The question is solely on which side of the coverage dispute they belong.

Under City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941), courts must look beyond the pleadings and arrange parties according to their actual interests in the dispute. On the coverage question, the Bonannos' interests are aligned with Owner's: both need the Loss declared a covered occurrence. Cincinnati stands alone in seeking the opposite result and mischaracterizes the law to achieve that inequitable result. Here, G.L. c. 231A, § 8 supports full participation and a binding all-parties adjudication; Mass. R. Civ. P. 13(g), 19, and 21 supply the procedural mechanics. The combined effect is that the coverage question should be resolved with all interested parties actively represented in this proceeding — not removed from it before the persons Cincinnati itself identifies as having the only cognizable interest in the outcome have had any opportunity to protect that interest.

The appropriate remedy is not dismissal but a brief continuance. The insureds are already necessary parties under G.L. c. 231A, § 8 — Cincinnati's own memorandum concedes they are the only persons with a cognizable interest in the outcome. Before the Court acts on a motion that may eliminate a coverage determination directly affecting those persons' insurance rights and personal financial exposure, they should have a reasonable opportunity to appear through independent coverage counsel, assess the motion, and determine whether to assert their own

position — including, if they elect to do so, a Rule 13(g) crossclaim against Cincinnati for a declaration of defense and coverage. The remedy is realignment and a brief continuance — not dismissal.

The continuance Owner requests is a practical measure, not an academic gesture. Counsel for the Bonanno Defendants is engaged, is in active communication with both Owner's counsel and Cincinnati's coverage counsel, and can readily receive from Cincinnati its motion and be afforded a reasonable interval within which the Bonanno Defendants may obtain independent coverage advice and determine their own position.

## CONCLUSION

WHEREFORE, Plaintiff 1942 Realty, LLC respectfully requests that this Honorable Court:

1. Enter an order recognizing that Defendants Matthew W. Bonanno and Emily J. Bonanno have a direct and adverse financial interest in the outcome of The Cincinnati Insurance Company's Motion to Dismiss Count XI that is aligned with Owner's opposition thereto;

2. Stay adjudication of Cincinnati's motion to dismiss for forty-five (45) days to afford the Bonanno Defendants and Defendant Jane Doe a reasonable opportunity to retain independent coverage counsel and to either join in Owner's Opposition or file their own opposition to Cincinnati's motion, if they choose to do so; and

3. In the further alternative, deny Cincinnati's motion to dismiss for the reasons set forth in Owner's accompanying memorandum in opposition, and grant such other relief as this Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Superior Court Rule 9A(c)(2), Owner respectfully requests a hearing on the within Cross-Motion. Motions to dismiss under Mass. R. Civ. P. 12 are among the categories for

which a hearing will ordinarily be allowed under Rule 9A(c)(3), and the coverage question presented in Count XI is appropriate for oral argument.

Respectfully submitted,

**PLAINTIFF,**

**1942 REALTY, LLC,**

By its attorney,

Raymond H. Tomlinson, Jr., BBO# 654855
TOMLINSON LAW
76 Tupper Road, Suite 11
Sandwich, MA 02563
Telephone: (508) 348-9030
Facsimile: (508) 422-0930
rht@tomlinsonlaw.com

Dated: August 21, 2026

## CERTIFICATE OF SERVICE

I, Raymond H. Tomlinson, Jr., hereby certify that on this day, I forwarded notice of the foregoing document(s) via electronic service through the Odyssey/Tyler e-service platform, electronic mail, and/or Federal Express or U.S. Mail Delivery thereof, postage prepaid, to the following:

Nora R. Adukonis, Esq.
LITCHFIELD CAVO, LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
adukonis@litchfieldcavo.com

John R. Garrasi, Esq.
MARTIN, MAGNUSON, MCCARTHY & KENNEY, P.C.
101 Merrimac Street, 7th Floor
Boston, MA 02114
jgarrasi@mmmk.com

Raymond H. Tomlinson, Jr.

Dated: August 21, 2026