#4.1

COMMONWEALTH OF MASSACHUSETTS

NANTUCKET, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 2675CV00024

1942 REALTY, LLC,

Plaintiff,

v.

MATTHEW W. BONANNO, EMILY J. BONANNO, JANE DOE, and THE CINCINNATI INSURANCE COMPANY,

Defendants.

Filed 09/09/2026

**THE CINCINNATI INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S PURPORTED "CROSS-MOTION" TO "REALIGN PARTIES"**

Plaintiff wants things to be one way. But they are the other way. Plaintiff wants there to be a "coverage dispute," ripe for disposition via declaratory judgment. There isn't one[1]. Plaintiff wants the interests of defendants, Matthew Bonanno and Emily Bonanno to be "aligned" with its own, and against those of their insurance carrier, the Cincinnati Insurance Company. They are not. Matthew Bonanno and Emily Bonanno, like Cincinnati Insurance Company, are interested an efficient and successful defense against the plaintiff. No amount of careful pleading or creative motion practice can make things "one way" when they are "the other way."

[1] Marlo Stanfield: You want it to be one way.
Security Guard: Man, stop -- Stop saying that.
Marlo Stanfield: But it's the other way.

THE WIRE: REFUGEES (HBO, broadcast date October 1, 2006).

**A. THERE IS NO DISPUTE IN WHICH THE PLAINTIFF'S INTERESTS ARE "ALIGNED" WITH THOSE OF MATTHEW BONANNO AND EMILY BONNANO.**

***1. Cincinnati Insurance Company has denied liability to the plaintiff, not coverage to its insureds, Matthew Bonanno and Emily Bonanno.***

"'Coverage' and 'claim' are by no means synonymus [sic]; indeed, it is practically a matter of common knowledge that an insurer against whom a claim is made will frequently deny such claim on issues relating to liability even though coverage actually is afforded in the event that the question of liability is eventually determined against it.'" *Page v. Ins. Co. of N. Am.*, 256 Cal. App. 2d 374, 380 (Cal. App. 1967). Put more succinctly, "[t]here is a distinction between a denial of coverage by an insurer and denial of a claim on the ground that its insured is not legally responsible." *Noel v. Metro. Prop. & Liab. Ins. Co.,* 41 Mass. App. Ct. 593, 595 (1996). "The former involves a determination as to whether the particular claim asserted is one to which the policy was intended to apply, whereas the latter involves a determination as to the viability of the claim itself." *Id.*

On October 23, 2025, Cindy Resendes wrote to plaintiff's counsel, Attorney Tomlinson, acknowledging receipt of his letter of representation, disclosing policy limits, and stating:

> At this time we are requesting any and all documentation supporting our insured was liable for this incident. This appears to be a plumbing issue, however there is nothing to support that our insured caused this issue by way of negligence.

*See Letter,* attached as Exhibit A. Plaintiff argues, in its "Motion to Realign Parties" that the Cincinnati Insurance Company has "denied coverage" for the claims asserted against Matthew Bonanno and Emily Bonanno. It has not. Cincinnati insurance Company denied ***liability*** to the plaintiff. This does not create a coverage dispute; nor does it somehow align the interests of a tort defendant with those of their adversary.

***2. Cincinnati Insurance Company's denial of liability to the plaintiff is not a refusal to defend its insureds, Matthew Bonanno and Emily Bonanno.***

"[D]uty to defend" provisions in insurance contracts…generally require an insurer to defend the insured in suits seeking damages for covered claims or covered losses, including shouldering defense costs such as payment of attorney's fees and costs." *O'Connor v. Mag Mut. Ins. Co.*., 498 Mass. 105, 110 (2026). Conducting an investigation of the nature and value of a claim – and even denying liability or refusing to make an offer – do not breach the duty to defend. *Vermont Mut. Ins. Co. v. Maguire*, 662 F.3d 51, 57–58 (1st Cir. 2011) (insurer did not breach duty to defend its insured by reviewing claim and investigating and declining to fulfil claimant's inflated demand and therefore was not liable when insured entered into unauthorized settlement).

Plaintiff's Motion tacitly acknowledges, by references to "panel counsel," that Cincinnati Insurance Company ***is*** affording Matthew Bonanno and Emily Bonanno a defense against its claims. Under Massachusetts law, if insureds are not content to have the insurer defend in accordance with the policy, unless the insurer provides assurances as to indemnity against a potential judgment, they have the option to demand defense without reservation. *See, e.g. OneBeacon Am. Ins. Co. v. Celanese Corp.*, 92 Mass. App. Ct. 382, 388 (2017); *Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co.*, 439 Mass. 387, 406–407 (2003); *Magoun v. Liberty Mut. Ins. Co.,* 346 Mass. 677, 685 (1964). Plaintiff, as a tort claimant, has no right to gin up a dispute as to the "duty to defend" simply because it would prefer to litigate issues of "coverage" rather than the uncertain and dubious facts upon which it will bear the burden of proof at trial.

**B. PLAINTIFF'S DEMAND FOR DECLARATORY JUDGMENT AS TO "INDEMNITY" DOES NOT CREATE A DISPARITY OF INTEREST BETWEEN MATTHEW BONANNO AND EMILY BONNANO AND THEIR INSURANCE CARRIER, CINCINNATI INSURANCE COMPANY.**

***1. There can be no declaration concerning an insurer's duty to indemnify unless and until the insured has been found liable.***

A carrier has no duty to indemnify unless its insured is liable to the plaintiff for damages covered by the policy. *Holyoke Mut. Ins. Co. in Salem v. Vibram USA, Inc.,* 480 Mass. 480, 484, n. 8 (2018) ("The duty to indemnify 'arises only after the insured's liability has been established and is between the insurer and the insured.'") *John Moriarty & Assocs., Inc.* 102 Mass. App. Ct. at 489 (reasoning that one way that there may be a duty to defend, but not to indemnify, is if insured is not found liable at trial); *Allmerica Fin. Corp. v. Certain Underwriters at Lloyd's, London*, 449 Mass. 621, 639 (2007) (even settlement between insured and claimants not sufficient to determine liability, where the settlement terms did not result in admission of liability in a manner covered by the policy). A declaration as to the duty to indemnify requires as a necessary, but far from sufficient condition, a finding that the insured defendant is liable to the plaintiff. *See Magoun v. Liberty Mut. Ins. Co.*, 346 Mass. 677, 681–82 (1964) (reasoning that "merely because the declaration in the tort action stated a cause of action apparently within the coverage of the policy, that [the insurer] upon the facts actually proved upon a trial would be bound to satisfy a judgment for [plaintiff]."); *see AIG Prop. Cas. Co. v. Green*, 217 F. Supp. 3d 415, 429 (D. Mass. 2016) *aff'd sub nom. AIG Prop. Cas. Co. v. Cosby*, 892 F.3d 25 (1st Cir. 2018).

The Cincinnati Insurance Company and its insureds share a legal interest in defeating the plaintiff on each count asserted against Matthew Bonanno and Emily Bonanno. As the

declaratory judgment count – as it seeks a declaration concerning the duty to indemnify -- also requires a finding of liability against Matthew and Emily Bonanno, the Cincinnati Insurance Company and its insureds share the same legal interest in defeating the declaratory judgment count.

**CONCLUSION**

The Plaintiff's Cross-Motion to Re-Align Parties must be denied, as there is no need to "Re-Align" parties who are united in their common interest: Defeating the groundless and baseless claims advanced by the Plaintiff.

Respectfully submitted,
The Defendant,
CINCINNATI INSURANCE COMPANY,
By Its Attorney,



Nora R. Adukonis, BBO #676932
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
Tel. (781) 309-1500
Fax (781) 246-0167
adukonis@litchfieldcavo.com

## CERTIFICATE OF SERVICE

I, Nora R. Adukonis, hereby certify that on this 9th day of September, 2026, I served the within document on all counsel or record via electronic mail as follows:

Raymond H. Tomlinson, Jr., Esq.
Tomlinson Law
76 Tupper Road, Suite 11
Sandwich, MA 02563
rht@tomlinsonlaw.com
***Counsel for Plaintiff***

John R. Garrasi, Esq.
Marin, Magnuson, McCarthy & Kenney, P.C.
101 Merrimac Street, 7th Floor
Boston, MA 02114
jgarrasi@mmmk.com

______________________________
Nora R. Adukonis

# EXHIBIT

# A

THE CINCINNATI INSURANCE COMPANIES

The Cincinnati Insurance Company ▪ The Cincinnati Indemnity Company
The Cincinnati Casualty Company ▪ The Cincinnati Specialty Underwriters Insurance Company
The Cincinnati Life Insurance Company

October 23, 2025

Tomlinson Law
Attorney Raymond H. Tomlinson Jr.
76 Tupper Road, Suite 11
Sandwich, MA 02563

| | | |
|---|---|---|
| **Re:** | **Insured:** | Matthew & Emily Bonanno |
| | **Claim No.:** | 4583781 |
| | **Policy No.:** | 05C011064266 |
| | **Loss Date**: | 8/21/2025 |
| | **Your Client**: | 1942 Realty LLC |
| | **Liability Limits:** | **Personal Liability:**<br>**a) Bodily Injury and Property Damage**<br>**$1,000,000 per occurrence**<br>**$1,000,000 Personal Injury (aggregate)**<br>**Medical Payments to others: $50,000 – per person** |

Dear Attorney Tomlinson:

As noted above, our insured carries Personal liability limits of $1,000,000 for PD/BI per occurrence, as well as $1,000,000 for Personal Injury limit which is aggregate, then $50,000 for Medical Payments to others with a per person limit.

We are in receipt of your Letter of Representation for your client 1942 Realty LLC, please let this letter serve to acknowledge it.

Please also provide me with a copy of your firms W9 so that I may have your firm added into my system.

At this time we are requesting any and all documentation supporting our insured was liable for this incident. This appears to be a plumbing issue, however there is nothing to support that our insured caused this issue by way of negligence.

Please contact us at your earliest convenience to discuss the loss or if you have any questions.

Sincerely,

Cindy Resendes

Cindy Resendes
Senior Claims Specialist I

Mailing Address: P.O. Box 109 ▪ Hudson, MA 01749
Cindy_Resendes@CinFin.com ▪ Office : 978-875-5822 ▪