UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| 1942 REALTY, LLC,<br>Plaintiff,<br>v.<br>MATTHEW W. BONANNO, EMILY J. BONANNO, JANE DOE, AND THE CINCINNATI INSURANCE COMPANY,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 1:26-cv-14345-PBS<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A LIMITED SURREPLY CONCERNING FEDERAL JUSTICIABILITY FOLLOWING REMOVAL**
**(MEMORANDUM INCORPORATED)**

Plaintiff 1942 Realty, LLC ("Owner" or "1942") respectfully moves, pursuant to Local Rule 7.1(b)(3), for leave to file a limited surreply of not more than nine (9) pages, exclusive of the signature block and certificate of service, addressing the federal justiciability framework that attached to Count XI upon removal. Owner states as follows:

## I. THE BRIEFING ON COUNT XI COMPLETED IN THE STATE COURT DID NOT ADDRESS FEDERAL JUSTICIABILITY.

The Cincinnati Insurance Company ("Cincinnati") served its Motion to Dismiss Count XI on August 11, 2026; Owner on August 21, 2026 opposed and served its cross-motion to realign Cincinnati's insureds with Owner on Count XI, and Cincinnati served and filed its reply in support of its motion to dismiss, and opposition to Owner's cross-motion, on September 9, 2026, all in the Nantucket Superior Court. The state-court motion papers now appear at Docs. 5, 6, 8 and 10. Despite being then represented by panel defense counsel and being served with Plaintiff's opposition and cross-motion, defendants Matthew W. Bonanno and Emily J. Bonanno (the "Bonanno Defendants") had not then appeared in the state court action and did not participate in

the briefing. The Bonannos' nanny, defendant Jane Doe a/k/a "Chloe", also did not participate in the briefing.

Each memorandum was written for a court of general jurisdiction applying G.L. c. 231A. None addressed Article III, the federal Declaratory Judgment Act, 28 U.S.C. § 2201, or the relationship between the two and the state-law standing principles on which Cincinnati relies. Those questions did not govern the Superior Court proceeding; rather, the federal justiciability issues arrived with the Bonanno Defendants' removal.

## II. RECENT FIRST CIRCUIT AUTHORITY IDENTIFIES THE GOVERNING QUESTION AS UNRESOLVED.

In *Kolackovsky v. Town of Rockport*, 165 F.4th 114 (1st Cir. 2026), decided January 22, 2026, the Court of Appeals observed that some circuits apply state standing law when considering state-law claims under diversity and supplemental jurisdiction, and stated that "[w]hile our circuit has not yet squarely faced this question, we need not address it now." *Id.* at 121-122. The court reaffirmed that a court must be able to determine, from the face of the complaint, whether a plaintiff is entitled to have a federal court adjudicate each particular claim that the plaintiff asserts. *Id.* at 120.

Count XI is a state-law declaratory claim now pending in this Article III court by reason of a diversity removal. The interaction between the federal constitutional threshold and the state-law standing principles Cincinnati invokes squarely implicates the relationship the First Circuit described as unsettled eight months ago. Neither party has briefed it.

## III. CINCINNATI'S CHARACTERIZATION OF ITS OWN MOTION DOES NOT REMOVE THE JUSTICIABILITY QUESTION FROM THE CASE.

Conferring over email, counsel for Cincinnati advised Owner that Cincinnati regards its pending motion exclusively as a Rule 12(b)(6) challenge resting on Massachusetts declaratory-

judgment standing principles, and not as an Article III or Rule 12(b)(1) challenge, and that it therefore sees no occasion for further briefing.

Importantly, Owner does not seek to convert Cincinnati's motion into a motion under Rule 12(b)(1), and does not suggest that Cincinnati has raised an Article III challenge. Cincinnati does not contend that Owner lacks Article III standing, and Owner likewise maintains that Article III is satisfied. But the absence of such a motion does not relieve this Court of its independent obligation to satisfy itself that the federal judicial power extends to Count XI before adjudicating Cincinnati's challenge to that count. Subject matter jurisdiction is not waivable and may be raised by the Court at any time. Owner respectfully submits that the Court is better served by the parties' positions on that question than without.

Recent authority in this District observes the same distinction, treating Article III standing as a jurisdictional inquiry under Rule 12(b)(1), separate from substantive "standing" requirements that are elements of a claim and adjudicated under Rule 12(b)(6). *See In re Zelis Repricing Antitrust Litig.*, 2026 U.S. Dist. LEXIS 67369, at *11, *15-16 (D. Mass. Mar. 30, 2026).

## IV. THE SUBJECTS OWNER PROPOSES TO ADDRESS IN ITS SURREPLY.

In its surreply, a copy of which is attached hereto as Exhibit A, Owner proposes to address four discrete matters:

First, the federal justiciability framework governing a state-law declaratory count after removal, including 28 U.S.C. § 2201 and the claim-by-claim requirements of Article III.

Second, whether the substantive law governing the Cincinnati policy supplies the legal interest relevant to that inquiry — a question the authority on which Cincinnati itself relies makes central, and which question cannot presently be answered because the policy, despite request, has never been produced.

Third, the dispositions available under the competing jurisdictional and state-law characterizations, including the distinction between a jurisdictional dismissal without prejudice and a merits disposition under Rule 12(b)(6).

Fourth, developments post-dating the close of briefing — Owner's service upon the individual defendants on September 14, 2026 and the Bonanno Defendants' representation at paragraph 14 of the Notice of Removal acknowledging a shared position with respect to insurance coverage under Count XI — offered as they bear upon Owner's pending Cross-Motion and the sequencing of these motions.

**V. OWNER'S REQUEST FOR LEAVE IS NARROW AND PREJUDICES NO PARTY.**

Owner seeks leave to file a limited surreply of nine (9) pages, exclusive of the signature block and certificate of service. Local Rule 7.1(b)(4) permits twenty pages without leave for an ordinary memorandum. Owner does not seek to reargue any matter already briefed or to introduce any new factual material bearing on the merits.

Nor can the request delay anything. The Court has set an initial scheduling conference for November 12, 2026 at 2:30 p.m., followed by argument on the pending motions. Docs. 11-12. Owner is prepared to file its surreply within three (3) business days of any order allowing this motion, so that the filing — and any response the Court permits — can be completed well in advance of the November 12 argument. Owner has no objection to Cincinnati filing a response of equal length if the Court deems one appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff 1942 Realty, LLC respectfully requests of this Honorable Court to enter an ORDER:

1. Granting Plaintiff leave to file a surreply not to exceed nine (9) pages, exclusive of the signature block and certificate of service, limited to the subjects identified above;

2. Providing that The Cincinnati Insurance Company may file a response of equal length if the Court deems one appropriate; and

3. Ordering such other and further relief as justice may require.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Plaintiff respectfully requests oral argument on the underlying motions, and believes that argument would assist the Court.

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

Counsel for Plaintiff certifies that on September 28, 2026 he substantively conferred with counsel for The Cincinnati Insurance Company via electronic mail in a good faith effort to resolve or narrow the issues presented by this motion. Cincinnati does not assent.

Respectfully submitted,

**PLAINTIFF,**

1942 REALTY, LLC,

By its Attorney,

*/s/ Raymond H. Tomlinson, Jr.*

Raymond H. Tomlinson, Jr., BBO# 654855
TOMLINSON | LAW
76 Tupper Road, Suite 11
Sandwich, MA 02563
Telephone: (508) 348-9030
Facsimile: (508) 422-0930
rht@tomlinsonlaw.com

Dated: September 29, 2026

**CERTIFICATE OF SERVICE**

I, Raymond H. Tomlinson, Jr., hereby certify that on this day, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system, and upon the following person(s) via US Mail Delivery:

Jane Doe a/k/a "Chloe"
155 East 72nd Street, Apt. 9A
New York, NY 10021

________________________________
Raymond H. Tomlinson, Jr.

Dated: September 29, 2026