UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 1942 REALTY, LLC,<br>Plaintiff,<br>v.<br>MATTHEW W. BONANNO, EMILY J. BONANNO, JANE DOE, AND THE CINCINNATI INSURANCE COMPANY,<br>Defendants. | **EXHIBIT A**<br>C.A. No.: 1:26-cv-14345-PBS<br>**LEAVE OF COURT GRANTED [DATE]** |

**[PROPOSED] PLAINTIFF'S SURREPLY CONCERNING FEDERAL JUSTICIABILITY FOLLOWING REMOVAL**

Plaintiff 1942 Realty, LLC ("Owner" or "1942") submits this surreply, with leave of Court, to address the federal justiciability framework that attached to Count XI upon removal. Owner does not reargue what has been briefed.

**INTRODUCTION**

On September 23, 2026, defendant insureds Matthew W. Bonanno and Emily J. Bonanno (the "Bonanno Defendants"), removed this action to this court following briefing on defendant Cincinnati Insurance Company's motion to dismiss plaintiff 1942 Realty, LLC's ("Owner" or "1942") Count XI, which sought a declaratory judgment under state law that Cincinnati owed a duty to defend and indemnify the Bonanno Defendants following a water loss during the Bonanno Defendants' August 2025 rental of Owner's single-family residence located on Nantucket. Owner opposed Cincinnati's motion to dismiss and cross-moved to realign the Bonanno Defendants with Owner on Count XI. Despite being represented by panel defense counsel and being served with a copy of Owner's opposition and cross-motion, the Bonanno Defendants did not respond to Cincinnati's motion to dismiss or Owner's cross-motion to realign. After briefing was completed and filed in the state court action, Owner on September 14, 2026 was finally able to make service

upon the Bonanno Defendants and caused process directed to defendant Jane Doe a/k/a "Chloe", alleged to be their nanny, to be delivered at the Bonannos' residence. On September 23, 2026, with Cincinnati's written consent, the Bonanno Defendants removed this action.

## ARGUMENT

### I. REMOVAL SUPPLIED A FEDERAL FRAMEWORK THAT THE STATE-COURT MEMORANDA COULD NOT HAVE ADDRESSED.

Count XI is a state-law declaratory claim now pending in this Article III court. The federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), conditions relief on the existence of "a case of actual controversy within its jurisdiction," and supplies no independent grant of jurisdiction. Article III supplies the constitutional floor.

Another session of this Court has held that the framework shift occasioned by the Bonanno Defendants' removal is consequential. In *Traincroft, Inc. v. Insurance Co. of the State of Pennsylvania*, No. 14-10551-FDS, 2014 WL 2865907, at *5, 2014 U.S. Dist. LEXIS 85170, at *16 (D. Mass. June 23, 2014), the complaint asserted a claim under G.L. c. 231A, § 1 and was removed on diversity. The court held that "because the case has been removed to federal court and the present question of ripeness is procedural, whether this Court may grant a declaratory judgment must be reviewed under the standard of the federal Declaratory Judgment Act, 28 U.S.C. § 2201." *Id.* (citing *Tocci Bldg. Corp. of N.J., Inc. v. Virginia Sur. Co.*, 750 F.Supp.2d 316, 320 n.2 (D. Mass. 2010)). Matters of substantive law relating to the request for declaratory relief remain governed by state law. *Id.*

The First Circuit recently confirmed that the relationship between that federal threshold and state standing doctrine remains open in this circuit. In *Kolackovsky v. Town of Rockport*, 165 F.4th 114 (1st Cir. 2026), the court noted that some circuits apply state standing law to state-law

claims under diversity and supplemental jurisdiction, and stated that "[w]hile our circuit has not yet squarely faced this question, we need not address it now." *Id.* at 121-122.

## II. ARTICLE III MUST BE SATISFIED AS TO COUNT XI WHETHER OR NOT CINCINNATI MOVED UNDER RULE 12(b)(1).

Cincinnati claims that its motion to dismiss is exclusively a Rule 12(b)(6) challenge grounded in Massachusetts declaratory-judgment standing and presents no Article III question. Cincinnati accordingly does not contend that Owner lacks Article III standing, and Owner accepts that characterization. An Article III challenge would ordinarily proceed under Rule 12(b)(1), and Owner does not ask the Court to treat Cincinnati's motion as one.

Cincinnati's characterization, however, does not dispose of the question of federal justiciability. Subject matter jurisdiction cannot be waived or conferred by the parties' litigation choices, and a federal court must satisfy itself of its own authority before adjudicating a claim. That inquiry is made claim-by-claim: the court must be able to determine whether plaintiff is entitled to have a federal court adjudicate each particular claim that the plaintiff asserts. *Kolackovsky*, 165 F.4th at 120.

Owner maintains that Article III is satisfied. The incompleteness of the record, however, bears upon Cincinnati's attempt to establish, through *CE Design Ltd. v. American Economy Insurance Co.*, 947 F.Supp.2d 151, 156-159 (D. Mass. 2012), that the applicable substantive law affords Owner no cognizable pre-judgment interest in the Policy.

For avoidance of doubt, Owner clarifies the interest on which it relies. Cincinnati is affording its insureds a defense, and Owner does not rely upon the defense obligation as the source of its own Article III injury; those rights belong to the insureds. Here, Owner's asserted Article III interest concerns whether proceeds under the Bonanno Defendants' liability policy with Cincinnati

will be available to satisfy Owner's uncompensated property loss allegedly caused by the individual defendants.

## III. THE LEGAL INTEREST RELEVANT TO THE FEDERAL INQUIRY IS SUPPLIED BY SUBSTANTIVE LAW THAT CANNOT BE IDENTIFIED ON THIS RECORD.

### A. Federal Law Looks to the Claimant's Substantive Rights.

In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-274 (1941), the Supreme Court held that an actual controversy extended to an injured claimant – who had not yet obtained judgment against the insured – because the claimant was prosecuting a liability action against the insured and state law afforded the claimant substantial rights against the insurer. The insurer commenced that action, and Owner does not suggest otherwise. The point material here is that the Supreme Court treated the claimant's state-created rights as relevant to whether the controversy was sufficiently immediate and real.

Cincinnati invokes that same methodology in arguing that Owner holds no presently enforceable interest in its policy. Cincinnati relies on *CE Design Ltd. v. American Economy Insurance Co.*, 947 F.Supp.2d 151 (D. Mass. 2012), *vacated and remanded on other grounds*, 755 F.3d 39 (1st Cir. 2014), wherein the district court held that the claimant's injury depended in large part on the substantive rights conferred by applicable state law and concluded that Illinois law gave the claimant no interest in the policy before judgment. On appeal, however, the First Circuit vacated the lower court's "no standing" dismissal and remanded with instructions to dismiss because the amount in controversy under 28 U.S.C. § 1332 was not satisfied. The court thus never reached the standing analysis. 755 F.3d at 48.

Two features of the *CE Design* decision warrant mention. The insurer there defended under an express reservation of rights, which supplied a live insurer-insured controversy. Here, whether Cincinnati has issued any reservation, coverage position, or disclaimer remains unknown because,

despite request, none has been produced. And, the district court in *CE Design* added that it would in any event have declined relief in its discretion because the liability action was separately pending in another state, neither contracting party had brought the coverage suit, and the claimant appeared to be selecting the coverage forum. 947 F.Supp.2d at 156-159. Those circumstances differ materially here. And although neither contracting party initiated Count XI, there is no separately pending liability action: Defendants removed the single action in which liability and coverage were pleaded together, the insurer and insureds are already parties, and the insureds have now represented that they share Owner's coverage position.

Owner does not contend that state law can supply Article III standing where the constitutional elements are absent, which *Kolackovsky* forecloses. 165 F.4th at 121-122. Owner contends only what *Kolackovsky* itself acknowledges — that Article III concepts are "sufficiently flexible to recognize state-created rights." *Id.* at 122 (quotation omitted). The state-created interest may supply the legally-cognizable interest whose threatened impairment constitutes concrete injury; it does not substitute for Article III's requirements.

### B. If Massachusetts Law Governs, Owner's State-Law Interest Is Materially Different from the Interest Illinois Law Afforded the Claimant in *CE Design*.

Under G.L. c. 175, § 112, an insurer's liability under a policy affording coverage for damage to property "shall become absolute whenever the loss or damage for which the insured is responsible occurs," and satisfaction by the insured of a final judgment "shall not be a condition precedent" to payment. Massachusetts decisional law affirms that recourse to the policy arises upon the occurrence, *Fallon v. Mains*, 302 Mass. 166, 168 (1939), and that a claimant acquires a beneficial interest in the policy proceeds upon the happening of the accident, *Goldstein v. Bernstein*, 315 Mass. 329, 332 (1943).

Owner does not claim that § 112 establishes the Bonannos' responsibility, which is the subject of Counts I through X, or that it displaces the final-judgment prerequisite to a claimant's reach-and-apply remedy. *See Cubberley v. Commerce Ins. Co.*, 495 Mass. 289, 293-294 (2025). Rather, Massachusetts recognizes a present but derivative beneficial interest in the policy proceeds arising upon the occurrence, enforcement of which remains subject to the statutory judgment prerequisite. That is the very legal interest available to Owner under Massachusetts law that *CE Design* found was lacking to the claimant under Illinois law.

### C. The Governing Law Cannot Be Determined on the Present Record.

Massachusetts applies a functional choice-of-law analysis to insurance contracts, looking to the Restatement (Second) of Conflict of Laws § 193, together with §§ 188 and 6. *OneBeacon Am. Ins. Co. v. Narragansett Elec. Co.*, 90 Mass.App.Ct. 123, 125 (2016); *Clarendon Natl. Ins. Co. v. Arbella Mut. Ins. Co.*, 60 Mass.App.Ct. 492, 496 (2004); *Admiral Ins. Co. v. Tocci Bldg. Corp.*, 594 F.Supp.3d 201, 206-07 (D. Mass. 2022). Under § 193, the location of the insured risk is given greater weight than any other single contact, but only where the risk can be located, at least principally, in a single state. *OneBeacon*, 90 Mass.App.Ct. at 125.

The record does not establish where the Policy was negotiated, issued, or delivered, the insured premises identified in its declarations, its operative forms and endorsements, or the complete structure of the insured risk. Another session of this Court has deferred the identical inquiry on a comparable record, holding that where it could not determine from the pleadings where the insurance contracts were negotiated, issued, delivered, and signed, it could not determine the principal location of the insured risk under § 193, and that the analysis was "better suited for resolution at a later stage, with a full evidentiary record." *HDI-Gerling Am. Ins. Co. v. Navigators Ins. Co.*, No. 15-10338-FDS, 2015 U.S. Dist. LEXIS 121457, at *13-14 (D. Mass. Sept. 11, 2015).

Nor would deferral be indefinite. The Court has set an initial scheduling conference for November 12, 2026, Doc. 11, with the parties conferring under Fed. R. Civ. P. 26(f) no later than October 22, 2026. Absent a contrary stipulation, order, or sustained objection under Rule 26(a)(1)(C), initial disclosures are due within fourteen days thereafter, and Rule 26(a)(1)(A)(iv) requires any insurance agreement under which an insurer may be liable to satisfy all or part of a judgment to be made available for inspection and copying. The Cincinnati Policy — the central document missing from the present record — should therefore be available to the parties before the November 12 hearing. Any remaining issuance, delivery, or risk-location facts can be addressed in the focused first-phase discovery the Court's scheduling notice contemplates.

Cincinnati has never identified any policy exclusion, limitation, or other provision as a basis for denying or limiting coverage for this Loss, and, despite request, Cincinnati and its insured have produced neither the Policy nor any reservation-of-rights correspondence. Cincinnati's pre-suit response instead disputed negligence and causation. Whether the Policy contains an exclusion, exception, or contractual-liability provision material to this loss therefore cannot be determined on the present record — nor can the law that governs it.

## IV. A JURISDICTIONAL DISPOSITION MUST BE WITHOUT PREJUDICE; IF MASSACHUSETTS LAW GOVERNS, THE STATE-LAW QUESTION REMAINS UNSETTLED.

Cincinnati asks that Count XI be dismissed with prejudice. Docs. 5, 6.

Should the Court independently conclude that Owner lacks Article III standing as to Count XI, the resulting dismissal cannot operate as an adjudication on the merits. A want of jurisdiction deprives a court of the authority to enter judgment on the merits, and a dismissal for lack of Article III standing must operate without prejudice. *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 736-737 (1st Cir. 2016). The two inquiries are in any event "fundamentally distinct": standing in no

way depends on the merits of the plaintiff's contention that particular conduct is unlawful. *Id.* at 734.

If instead Cincinnati's Rule 12(b)(6) theory is treated as a state-law entitlement defect and Massachusetts law governs, this Court would then confront a question the Supreme Judicial Court expressly declined to answer. *Cubberley*, 495 Mass. at 294 n.8 (declining to decide whether the plaintiffs had standing to pursue their declaratory judgment claim). The Superior Court is divided. *Compare Dorchester Mut. Ins. Co. v. Legeyt,* 2008 Mass.Super.LEXIS 462 (Norfolk Super. Ct., Dec. 29, 2008) (Garsh, J.), *with Ioannou v. Merrimack Mut. Fire Ins. Co.*, 2001 Mass.Super.LEXIS 623 (Middlesex Super. Ct., Dec. 20, 2001) (Giles, J.). Should the Court conclude that Massachusetts law governs the Policy and that this unresolved question controls the disposition, Owner respectfully suggests that the Court consider certification under S.J.C. Rule 1:03 rather than predict Massachusetts law on a question the Supreme Judicial Court expressly reserved.

## V. POST-BRIEFING DEVELOPMENTS BEAR ON SEQUENCING, NOT ON THE SUFFICIENCY OF THE COMPLAINT.

Owner served the Bonanno Defendants on September 14, 2026, and on the same date caused process directed to defendant Jane Doe a/k/a "Chloe" to be delivered at the Bonannos' residence. Paragraph 14 of the Notice of Removal states that the Bonanno Defendants share Owner's position with respect to insurance coverage under Count XI. Owner offers these developments principally as they bear upon its pending Cross-Motion and upon the order in which these motions are taken up — a question now concrete, the Court having set the scheduling conference and argument for the same afternoon. Doc. 11. Owner does not contend that assertions made in briefing may amend the Complaint. *See Kolackovsky*, 165 F.4th at 120. Because these developments preceded removal, however, Owner does not waive the position that circumstances existing when federal jurisdiction attached may bear upon federal justiciability.

## CONCLUSION

Removal introduced federal justiciability requirements that were never briefed below. Cincinnati expressly disclaims an Article III challenge, and Owner maintains that Article III is satisfied. Cincinnati's separate state-law theory, however, cannot fairly be resolved by importing *CE Design's* Illinois-law analysis before the governing substantive law is identified on the actual Policy and the ordinary Rule 26 disclosures now imminent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests of this Honorable Court to enter an ORDER:

1. Denying The Cincinnati Insurance Company's Motion to Dismiss Count XI;

2. In the alternative, providing that any dismissal of Count XI for lack of Article III standing, or otherwise for want of subject matter jurisdiction, shall be without prejudice;

3. In the further alternative, continuing the pending motion and cross-motion to afford the Bonanno Defendants a reasonable opportunity to consult separate coverage counsel, if they so elect, and to state their own position, including by cross-claim, and to afford Defendant Jane Doe a reasonable opportunity to appear and state her position;

4. If the Court determines that Massachusetts law governs the Policy and that it is dispositive whether Massachusetts substantive law affords a pre-judgment liability claimant a legally cognizable interest permitting it to seek a declaration of coverage where the insurer and its insureds are parties, reserving decision and affording the parties an opportunity to address whether certification to the Supreme Judicial Court under S.J.C. Rule 1:03 is appropriate before the Court predicts Massachusetts law; and

5. Ordering such other and further relief as justice may require.

Respectfully submitted,

**PLAINTIFF,**

1942 REALTY, LLC,

By its Attorney,

Raymond H. Tomlinson, Jr., BBO# 654855
TOMLINSON | LAW
76 Tupper Road, Suite 11
Sandwich, MA 02563
Telephone: (508) 348-9030
Facsimile: (508) 422-0930
rht@tomlinsonlaw.com

Dated:

**CERTIFICATE OF SERVICE**

I, Raymond H. Tomlinson, Jr., hereby certify that on this day, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system, and upon the following person(s) via US Mail Delivery:

Jane Doe a/k/a "Chloe"
155 East 72nd Street, Apt. 9A
New York, NY 10021

Raymond H. Tomlinson, Jr.

Dated: