# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 1942 REALTY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW W. BONANNO, EMILY J. BONANNO, JANE DOE, and THE CINCINNATI INSURANCE COMPANY,<br><br>Defendants. | C.A. No. 1:26-CV-14345-PBS |

## THE CINCINNATI INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE A LIMITED SURREPLY CONCERNING FEDERAL JUSTICIABILITY FOLLOWING REMOVAL

Plaintiff, a limited liability company and owner of a lavish vacation home in Nantucket, Massachusetts, filed suit in Nantucket Superior Court against vacationers Matthew Bonnano and Emily Bonanno, alleging that during a brief summer rental the Bonannos negligently caused a flood that damaged the home. Plaintiff's Complaint also includes a "Declaratory Judgment" cause of action, asserted pursuant to G. L. c. 231A against the Bonannos' homeowners' insurer, defendant, Cincinnati Insurance Company ("Cincinnati").

Cincinnati moved to dismiss. Plaintiff opposed. After briefing was complete on the motion to dismiss, the Bonannos removed this action to from Nantucket Superior Court to the United States District Court for the District of Massachusetts, on the basis of diversity jurisdiction. Defendant Cincinnati Insurance Company, in accordance with the "Electronic Notice to Counsel" docketed on September 23, 2026, re-filed the pending motion into the District Court Record.

Plaintiff, apparently dismayed by the prospect that the Court may assess the adequacy of its pleading based on nothing more than the allegations within, now seeks to supplement its opposition with a "sur-reply." Plaintiff's "Proposed Sur-reply" seeks relief beyond denial of the motion to dismiss, and asserts, floridly and at great length, that issues outside the scope of Cincinnati's Motion to Dismiss – such as "justiciabilty," an issue it acknowledges no party has raised, and conflict of laws – as well as some outside the scope of the pleadings must be resolved, before the Court can rule on the present Motion to Dismiss. No such briefing is required or should be permitted, and no additional relief is justified. Plaintiff's Complaint either contains sufficient, well-pled facts to state a cause of action as to Cincinnati (in which case, the motion to dismiss must be denied), or it does not (in which case, the motion to dismiss must be granted).

**A. Neither a surreply, nor any of the assorted additional relief demanded by the plaintiff should be granted, as the motion to dismiss should be analyzed based entirely on the adequacy of the well-pled allegations in the Plaintiff's Complaint.**

Whether considering a motion to dismiss for lack of subject matter jurisdiction, or for failure to state a claim, the court's analysis focuses on the adequacy and sufficiency of allegations in the Plaintiff's Complaint. *See, e.g. Kolackovsky v. Town of Rockport*, 165 F.4th 114, 119 (1st Cir. 2026) (despite the inquiries under Rule 12(b)(1) and 12(b)(6) each sub-part being "conceptually distinct," the principles are the same, with legal conclusions and labels discarded and the complainant's non-conclusory, non-speculative facts taken as true, inferences drawn in pleader's favor, with the court determining whether the allegations "narrate a claim for relief" and/or plausibly demonstrate standing).

Discovery, service of additional parties, elaborate briefing and exploration of Article III Standing, resolution of a hypothetical "conflict" between of state interpretations of policy terms

and conditions not described, and barely alluded to, in the Plaintiff's Complaint, are irrelevant to resolution of the pending Motion to Dismiss. Rather, in resolving the Motion to Dismiss, the Court must determine only whether (a) Massachusetts law[1] affords a cause of action by a tort plaintiff against a tort defendant's liability carrier outside the context of G. L. c. 93A and statutory reach-and-apply, and (b) If such a cause of action does exist, whether the allegations in the Plaintiff's Complaint state such a claim.

**B. Plaintiff's motion should be denied, as the plaintiff has failed to establish that a sur-reply is required to address "truly new" matter raised in the defendant's reply.**

Pursuant to LR 7.1(b)(3) leave of court is required to submit a reply or sur-reply. "A sur-reply is appropriate where a party has not had the opportunity to contest matters introduced for the first time in the opposing party's reply." *Animal Welfare Inst. v. Martin,* 588 F. Supp. 2d 70, 81 (D. Me. 2008). "The matter must be truly new." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.,* 238 F. Supp. 2d 270, 277 (D.D.C. 2002) (citing *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C.2001)). "[T]he point of a surreply is to allow a party to respond to an opponent's new facts and arguments—not to unearth facts and arguments never before raised." *González–Vera v. Townley*, 83 F. Supp. 3d 306, 315 (D.D.C. 2015).

Article III Standing was not raised in Cincinnati's Reply to Plaintiff's Opposition. Rather, Cincinnati's very brief reply addressed only the abundant precedent providing that a liability insurer's obligation to indemnify cannot be determined prior to entry of judgment, and that a tort

[1] There is no question of conflict-of-laws which must be addressed; as to the elements of the cause of action, plaintiff has explicitly asserted the declaratory judgment count pursuant to G.L. c. 231A § 1, and therefore, its substantive requirements are therefore governed by Massachusetts law. *See Source One Fin. Corp. v. Geico Indem. Co.*, 546 F. Supp. 3d 97, 99 (D. Mass. 2021) (citing *Buffalo-Water 1, LLC v. Fidelity Real Estate Co., LLC,* 481 Mass. 13, 18 (2018)); furthermore, it is black letter law that "[f]ederal courts sitting in diversity are to apply "the law that would be applied by state courts in the State in which [it] sits" in all situations other than those "in which the state law is incompatible with federal interests." *Salvati v. Fireman's Fund Ins. Co.,* 368 F. Supp. 3d 85 (D. Mass. 2019).

claimant cannot seek a declaration concerning an insurer's duty to defend its opponent. Plaintiff does not seek to address either issue. Rather, Plaintiff seeks, via surreply, to divert the court's attention from the very simple question raised by the instant Motion to Dismiss. Therefore, Plaintiff's Motion to File Surreply **must be denied.**

Respectfully submitted,
The Defendant,
CINCINNATI INSURANCE COMPANY,
By Its Attorney,

Nora R. Adukonis, BBO #676932
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
Tel. (781) 309-1500
Fax (781) 246-0167
adukonis@litchfieldcavo.com

## CERTIFICATE OF SERVICE

I, Nora R. Adukonis, hereby certify that on this 30th day of September, 2026, I served the within document on all counsel or record via electronic mail as follows, and/or through the court's ECF system:

Raymond H. Tomlinson, Jr., Esq.
Tomlinson Law
76 Tupper Road, Suite 11
Sandwich, MA 02563
rht@tomlinsonlaw.com
***Counsel for Plaintiff***

John R. Garrasi, Esq.
Marin, Magnuson, McCarthy & Kenney, P.C.
101 Merrimac Street, 7th Floor
Boston, MA 02114
jgarrasi@mmmk.com

______________________________
Nora R. Adukonis