**UNITED STATES DISTRICT COURT FOR THE FIRST DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 1:26-cv-14345

| | |
|---|---|
| 1942 REALTY, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>MATTHEW W. BONANNO,<br>EMILY J. BONANNO,<br>JANE DOE, and<br>THE CINCINNATI INSURANCE COMPANY,<br><br>*Defendants*. | **DEFENDANTS MATTHEW W. BONANNO AND EMILY J. BONANNO'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND TO VERIFIED COMPLAINT** |

**DEFENDANTS DEMAND A JURY TRIAL ON ALL CLAIMS**

Defendants Matthew W. Bonanno and Emily J. Bonanno (collectively, the "Bonanno Defendants"), by and through undersigned counsel, answer Plaintiff 1942 Realty, LLC's ("1942 Realty") Verified Complaint as follows. The Bonanno Defendants answer only for themselves and not on behalf of Defendant Jane Doe, or Defendant The Cincinnati Insurance Company. Any allegation not expressly admitted is denied.

**SUMMARY OF ACTION**

1. The Bonanno Defendants admit that Plaintiff purports to bring this action arising from an alleged water loss at 12 Galen Avenue, Nantucket, Massachusetts. They deny that they negligently, recklessly, willfully, or otherwise wrongfully caused the loss or the damages alleged, and deny the remaining allegations and characterizations in Paragraph 1.

2. The Bonanno Defendants admit that Matthew W. Bonanno entered into the written vacation rental agreement attached to the Complaint and that the Bonannos' minor child used the third-floor bathroom during the rental period. They deny that they negligently failed to supervise the

child, caused or permitted a clog or uncontrolled discharge, intentionally removed or disabled any water sensor, or otherwise caused or increased the alleged loss.

3. The Bonanno Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning its insurer's valuation, policy limitations, claimed remediation and repair expenditures, lost rental income, professional costs, or total claimed loss, and therefore deny those allegations. They further deny that any recoverable damages were proximately caused by any act or omission of the Bonanno Defendants.

## JURISDICTION AND VENUE

4. Paragraph 4 states a legal conclusion concerning the jurisdiction of the Massachusetts Superior Court when this action was filed. The action has since been removed to this Court. No further response is required; to the extent a response is deemed required, the allegation is denied as a statement of current jurisdiction.

5. The Bonanno Defendants admit that the Premises is located in Nantucket, Massachusetts, and that the alleged loss occurred there. The remaining allegations concern legal conclusions as to venue and require no response; to the extent a response is required, they are denied.

## PARTIES

6. The Bonanno Defendants admit, upon information presently available, that Plaintiff is a Texas limited liability company and that Plaintiff claims ownership of the Premises. They lack knowledge sufficient to admit or deny any allegation concerning Plaintiff's internal organization or membership not stated in the Complaint and therefore deny the same.

7. Admitted that Matthew W. Bonanno resides at the address alleged, was the named tenant under the Occupancy Agreement, and occupied the Premises during the relevant rental period. The remaining allegations and legal characterizations are denied.

8. Admitted that Emily J. Bonanno resides at the address alleged, is Matthew W. Bonanno's spouse, and occupied the Premises during the rental period. Denied that she assumed the duties, responsibilities, or legal obligations alleged beyond those imposed by applicable law.

9. The Bonanno Defendants admit that an individual referred to in the Complaint as Jane Doe or 'Chloe' was present at the Premises during portions of the rental period. The Bonanno Defendants deny the remaining allegations to the extent they characterize her legal status, agency, employment, scope of duties, or relationship to either Bonanno, and otherwise lack knowledge sufficient to admit or deny the allegations concerning her present identity or residence.

10. The Bonanno Defendants admit that Cincinnati issued Policy No. 05C011064266 and that the policy was in effect on August 21, 2025. The policy speaks for itself as to its terms, limits, conditions, and insureds. The Bonanno Defendants make no coverage representations and deny any allegation inconsistent with the policy or Cincinnati's actual coverage position.

## <u>STATEMENT OF FACTS COMMON TO ALL COUNTS</u>

## THE OCCUPANCY AGREEMENT

11. Admitted that Matthew W. Bonanno and Plaintiff entered into the written Occupancy Agreement dated October 8, 2024, attached as Exhibit A to Plaintiff's Verified Complaint. The document speaks for itself, and any characterization inconsistent with its complete terms is denied.

12. Admitted.

13. Admitted that the rental charges and taxes were approximately as alleged and that a $4,500 security deposit was paid. The Bonanno Defendants admit that Plaintiff retained the security deposit and has not returned it. The remaining allegations are denied to the extent inconsistent with the Occupancy Agreement.

14. The Occupancy Agreement speaks for itself. Denied to the extent Paragraph 14 characterizes the agreement as imposing strict liability or obligations beyond its actual terms.

15. The quoted portions of the Occupancy Agreement speak for themselves. The Bonanno Defendants deny any characterization of Section 8 or Section 10 that omits or alters their complete terms, including Section 8's separate requirements governing the landlord's submission of itemized claims and the consequences of noncompliance.

16. The Occupancy Agreement speaks for itself concerning Sherburne Management. The Bonanno Defendants deny that Matthew Bonanno breached the agreement as alleged and deny that any alleged failure to notify Sherburne caused the claimed loss.

17. Denied.

**THE AUGUST 21, 2025 WATER LOSS**

18. Denied to the extent that it is alleged that the Bonannos' minor child, or either Bonanno, caused or permitted a clog, that the toilet was known to be out of proper working order, or that the alleged loss was caused by the acts or omissions alleged. The Bonanno Defendants lack knowledge sufficient to admit the precise mechanical source or onset of water discharge and therefore deny the remaining allegations.

19. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 19, and therefore deny them.

20. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 20, and therefore deny them.

21. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 21, and therefore deny them.

22. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 22, and therefore deny them.

23. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 23, and therefore deny them.
24. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 24, and therefore deny them.
25. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 25, and therefore deny them.
26. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 26, and therefore deny them.
27. Denied.

**THE DAMAGE AND OWNER'S LOSSES**

28. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 28, and therefore deny them.
29. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 29, and therefore deny them.
30. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 30, and therefore deny them.
31. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 30, and therefore deny them.
32. Denied.
33. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 33, and therefore deny them.
34. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 34, and therefore deny them.

35. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 35, and therefore deny them.

36. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 36, and therefore deny them.

37. Denied to the extent Paragraph 37 alleges liability and any allegation or inference that the requested reimbursement was owed.

38. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 38, and therefore deny them.

39. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 39, and therefore deny them.

40. Denied.

41. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 24, and therefore deny them.

**COUNT I**
**BREACH OF CONTRACT**
**(Against Defendant Matthew W. Bonanno)**

42. The Bonanno Defendants incorporate their previous responses to Paragraphs 1 through 41 as if repeated word-for-word.

43. Denied to the extent Paragraph 43 characterizes any obligations beyond the agreement's actual terms.

44. Denied.

45. Denied.

46. Denied.

**COUNT II**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(Against Defendant Matthew W. Bonanno)**

47. The Bonanno Defendants incorporate their previous responses to Paragraphs 1 through 46 as if repeated word-for-word.

48. Paragraph 48 states a legal conclusion concerning the implied covenant of good faith and fair dealing. No response is required; to the extent one is deemed required, the Bonanno Defendants deny that the implied covenant creates duties beyond the parties' agreement or that Matthew Bonanno breached any such duty.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

**COUNT III**
**NEGLIGENCE**
**(Against All Defendants)**

53. The Bonanno Defendants incorporate their previous responses to Paragraphs 1 through 52 as if repeated word-for-word.

54. Paragraph 54 states a legal conclusion to which no response is required. To the extent any response is deemed required, the Bonanno Defendants deny any legal characterizations and deny any breach of duty.

55. Denied.

56. Denied.

57. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 57, and therefore deny them.

58. Denied.

**<u>COUNT IV</u>**
**NEGLIGENT SUPERVISION**
**(Against All Defendants)**

59. The Bonanno Defendants incorporate their previous responses to Paragraphs 1 through 58 as if repeated word-for-word.

60. Paragraph 60 states a legal conclusion and is denied to the extent it imposes duties broader than Massachusetts law recognizes. The Bonanno Defendants deny any breach of any applicable duty.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

**<u>COUNT V</u>**
**VICARIOUS LIABILITY/RESPONDEAT SUPERIOR**
**(Against Defendants Matthew W. Bonanno and Emily J. Bonanno)**

65. The Bonanno Defendants incorporate their previous responses to Paragraphs 1 through 64 as if repeated word-for-word.

66. Denied to the extent the allegations within Paragraph 66 characterize Jane Doe as an employee, servant, agent, or person acting under either Bonanno's direction or control for purposes of vicarious liability.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

**COUNT VI**
**WASTE**
**(Against Defendant Matthew W. Bonanno)**

72. The Bonanno Defendants incorporate their previous responses to Paragraphs 1 through 71 as if repeated word-for-word.

73. Denied to the extent that Paragraph 73 alleges state legal conclusions concerning waste.

74. Denied.

75. Denied.

76. Denied.

**COUNT VII**
**CONVERSION**
**(Against Matthew W. Bonanno)**

77. The Bonanno Defendants incorporate their previous responses to Paragraphs 1 through 76 as if repeated word-for-word.

78. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 78, and therefore deny them.

79. Denied.

80. Denied.

81. Denied.

**COUNT VIII**
**TRESPASS TO CHATTELS**
**(Against Matthew W. Bonanno)**

82. The Bonanno Defendants incorporate their previous responses to Paragraphs 1 through 81 as if repeated word-for-word.

83. The Bonanno Defendants admit only that Plaintiff purports to plead this Count in the alternative. The remaining allegations are legal characterizations and are denied.

84. Denied.

85. Denied.

**COUNT IX**
**UNJUST ENRICHMENT**
**(Against All Bonanno Defendants)**

86. The Bonanno Defendants incorporate their previous responses to Paragraphs 1 through 85 as if repeated word-for-word.

87. Denied to the extent that Paragraph 87 alleges that the Bonanno Defendants received any unjust benefit or retained any benefit without compensation.

88. Denied to the extent that Paragraph 88 alleges that the Bonanno Defendants caused or permitted the loss or retained any benefit unjustly or without compensation.

89. Denied.

90. Denied.

**COUNT X**
**RECKLESS CONDUCT**
**(Against Defendants Matthew W. Bonanno and Emily J. Bonanno)**

91. The Bonanno Defendants incorporate their previous responses to Paragraphs 1 through 90 as if repeated word-for-word.

92. Denied to the extent that Paragraph 92 alleges that either Matthew or Emily Bonanno engaged in grossly negligent, reckless, intentional, or conscious-disregard conduct.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

**COUNT XI**
**DECLARATORY JUDGMENT—INSURANCE COVERAGE**
**(Against Defendants Matthew W. Bonanno, Emily J. Bonanno, and The Cincinnati Insurance Company)**

97. The Bonanno Defendants incorporate their previous responses to Paragraphs 1 through 96 as if repeated word-for-word.

98. Admitted that Cincinnati issued Policy No. 05C011064266 to Matthew and Emily Bonanno, that the policy was in force on August 21, 2025, and that Cincinnati is providing the Bonanno Defendants a defense. The policy speaks for itself as to all terms, limits, conditions, and definitions.

99. The Bonanno Defendants admit only that Cincinnati is providing a defense. They deny Plaintiff's alleged damages were the direct or proximate result of any act or omission by the Bonanno Defendants.

100. Denied as to Plaintiff's characterization of the factual basis for liability, including any assertion that Matthew Bonanno admitted negligence or causation, and otherwise lack knowledge sufficient to admit the details of Plaintiff's communications with Cincinnati, so those allegations are denied.

101. The Bonanno Defendants lack knowledge sufficient to admit Plaintiff's characterizations within Paragraph 101, and therefore deny those allegations.

102. The Bonanno Defendants lack sufficient knowledge to form a belief about the allegations contained in Paragraph 102, and therefore deny them.

103. Denied to the extent that the allegations within Paragraph 103 allege that liability is reasonably clear and that the Bonanno Defendants caused Plaintiff's alleged loss. Defendants further deny the remaining allegations and legal conclusions within Paragraph 103.

104. Denied.

105. Paragraph 105 states legal conclusions and requested relief to which Plaintiff is not entitled. The Bonanno Defendants deny that Plaintiff may obtain the requested declaration. They further state that Cincinnati is providing them a defense, and that they deny liability for Plaintiff's damages.

106. Denied.

## RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND

The Bonanno Defendants deny that Plaintiff is entitled to any of the relief requested against them, including compensatory, consequential, enhanced, punitive-type, interest, attorney-fee, expert-fee, or other damages or costs. The Bonanno Defendants request that judgment enter in their favor on the Plaintiff's claims, with costs and such other relief as the Court deems just and proper. The Bonanno Defendants independently demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The Complaint fails, in whole or in part, to state claims upon which relief may be granted, including but not limited to the extent Plaintiff seeks duplicative contract and implied-covenant recovery; negligent-supervision liability without facts establishing the legally required basis for such liability; conversion or trespass-to-chattels liability without facts establishing actionable dominion or substantial interference by Matthew Bonanno; unjust enrichment recovery despite an express contract and full payment of the agreed rental charges; recklessness or enhanced damages without sufficient facts or legal basis; and declaratory relief where Plaintiff lacks a presently enforceable right and no actual coverage dispute exists between the Bonannos and Cincinnati.

### *Second Affirmative Defense*

Plaintiff's claims for reimbursement of bills and expenses resulting from the tenancy are barred or limited by Section 8 of the Occupancy Agreement to the extent Plaintiff failed to submit to Great Point Properties, within the contractually specified period, the required written itemized copies of bills, repairs, damage claims, or other claimed deductions. Section 8 expressly addresses the consequence of such noncompliance, including waiver of reimbursement rights and return of the security deposit.

### *Third Affirmative Defense*

Plaintiff cannot recover for breach of contract to the extent it failed to perform material obligations or satisfy contractual prerequisites governing the claims it now asserts, including the claims-processing and itemization requirements of Section 8.

### *Fourth Affirmative Defense*

The Occupancy Agreement speaks for itself and does not impose strict liability for every condition, loss, repair, or expense occurring during the tenancy. Plaintiff must establish an actual contractual breach, and common-law negligence, causation, and recoverable damages consistent with the agreement's complete terms.

### *Fifth Affirmative Defense*

The Bonanno Defendants exercised reasonable care under the circumstances and deny breaching any contractual, common-law, or other duty owed to Plaintiff.

### *Sixth Affirmative Defense*

Plaintiff cannot establish that any act or omission of either Bonanno was a but-for cause of the alleged water discharge, its duration, or the extent of the claimed damages. The precise mechanical origin, timing, and progression of the loss remain disputed.

### *Seventh Affirmative Defense*

The Bonanno Defendants lacked actual or constructive notice of any condition presenting the catastrophic flooding risk alleged, and the claimed sequence and extent of harm were not reasonably foreseeable on the facts known to them.

### *Eighth Affirmative Defense*

To the extent the loss or damages were caused or increased by Plaintiff, Plaintiff's agents, Sherburne Management, Great Point Properties, maintenance or repair personnel, other contractors, or other persons or entities, any recovery must be reduced or otherwise allocated as permitted by Massachusetts law.

### *Ninth Affirmative Defense*

The alleged loss and/or its extent may have resulted from intervening or superseding causes, including latent or preexisting plumbing or mechanical conditions, maintenance failures, conduct of third parties, delayed detection, or post-occurrence conditions for which the Bonanno Defendants are not legally responsible.

### *Tenth Affirmative Defense*

Plaintiff cannot establish employment, agency, right of control, scope, or other facts necessary to impose vicarious liability on Matthew or Emily Bonanno for acts or omissions attributed to Jane Doe.

### *Eleventh Affirmative Defense*

Plaintiff cannot establish the facts necessary for negligent-supervision liability, including notice or reason to know of any propensity by the Bonannos' minor child to engage in conduct of the type alleged or likely to cause the claimed harm.

### *Twelfth Affirmative Defense*

Plaintiff had a duty to take reasonable measures to mitigate its alleged damages, and recovery is barred or reduced to the extent claimed losses resulted from unreasonable delay, excessive remediation, avoidable repair costs, failure to re-rent, or other failure to mitigate.

### *Thirteenth Affirmative Defense*

Plaintiff's claimed remediation, repair, professional, rental income, consequential, and other damages are barred or limited to the extent they are unreasonable, unnecessary, duplicative, speculative, attributable to betterment or unrelated work, unsupported by competent evidence, or not caused by the alleged occurrence. Any lost-rental claim must reflect net loss proven with reasonable certainty rather than gross revenue.

### *Fourteenth Affirmative Defense*

Plaintiff's unjust enrichment claim is barred or otherwise unavailable because the parties' rental relationship is governed by an express contract and the agreed rent, fees, and taxes were paid. The Bonanno Defendants did not retain the rental benefit without compensation.

### *Fifteenth Affirmative Defense*

Matthew Bonanno did not intentionally exercise wrongful dominion over, substantially interfere with, or convert Plaintiff's water sensor, and Plaintiff cannot establish causation or recover the claimed consequential flood damages under either chattel theory.

### *Sixteenth Affirmative Defense*

The Bonanno Defendants did not commit destructive misuse or waste of the Premises, and Plaintiff cannot transform the disputed accidental property-loss allegations into a separate waste claim without establishing the elements required by law.

### *Seventeenth Affirmative Defense*

Neither Matthew nor Emily Bonanno engaged in grossly negligent, reckless, willful, wanton, or consciously indifferent conduct. Plaintiff is not entitled to punitive, enhanced, or other extraordinary damages absent a valid statutory or other legal basis.

*Eighteenth Affirmative Defense*

Any recovery must be reduced by all lawful setoffs, recoupments, contractual credits, security-deposit amounts, payments, reimbursements, or other credits to which the Bonanno Defendants are entitled, and Plaintiff may not obtain duplicative recovery for the same loss under multiple legal theories.

*Nineteenth Affirmative Defense*

Plaintiff's claims are barred, reduced, subject to recoupment or setoff, or otherwise affected to the extent Plaintiff failed to maintain or provide the liability insurance required for the short-term rental by G. L. c. 175, § 4F, including coverage required to defend and indemnify tenants for bodily injury and property damage arising from the short-term rental, unless qualifying coverage was maintained by a hosting platform, such as AirBNB or Verbo. The Bonanno Defendants preserve all rights arising from Plaintiff's ostensible breach of its statutory insurance obligations and any failure to satisfy them.

*Twentieth Affirmative Defense*

Count XI is barred or otherwise fails because Cincinnati is providing the Bonnano Defendants a defense, there is no present coverage dispute between Cincinnati and the Bonanno Defendants for Plaintiff to resolve, and Plaintiff has not established a presently enforceable right to obtain the requested declaration under the Bonannos' liability policy.

*Twenty-first Affirmative Defense*

To the extent Plaintiff or its agents materially altered, repaired, discarded, destroyed, or failed to preserve relevant plumbing components, the water sensor, digital data, photographs, or other evidence after litigation was reasonably foreseeable, the Bonanno Defendants reserve all available

evidentiary remedies, sanctions, presumptions, and other relief based on resulting prejudice and/or spoliation.

### *Twenty-second Affirmative Defense*

Plaintiff's claims are barred or limited to the extent Plaintiff, by contract, conduct, representation, omission, retention or handling of the security deposit, claims administration, or other acts established in discovery, waived rights it now asserts or is estopped from asserting them.

### *Twenty-third Affirmative Defense*

The Bonanno Defendants have not yet had the benefit of discovery, including Plaintiff's Great Point file, insurance-procurement records, maintenance and plumbing history, physical evidence, first-party claim materials, and damages documentation. They reserve the right to seek leave to amend this Answer under Fed. R. Civ. P. 15 to add defenses, counterclaims, or other matters supported by information obtained during discovery.

### *Twenty-fourth Affirmative Defense*

The Verified Complaint, despite it's proffered styling, is "verified" in name only, as the individual verifying, Eric M. Stroud, has no personal knowledge of the alleged facts contained within the Complaint, and is therefore unable to form any knowledge or belief supporting Plaintiff's allegations/claims.

WHEREFORE, the Bonanno Defendants respectfully request that Plaintiff take nothing by its Complaint as against them, that judgment enter in their favor, that they recover their costs as permitted by law, and that the Court grant such other and further relief as it deems just and proper.

*[SIGNATURE PAGE TO FOLLOW]*

Dated: October 1, 2026

Respectfully submitted,
Defendants,
Matthew W. Bonnano and Emily J. Bonanno,
By and through their attorneys,

*/s/ Douglas A. Robertson*
Douglas A. Robertson, Esq.
BBO No. 552315
*/s/ John R. Garrasi*
John R. Garrasi, Esq.
BBO No. 717460
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240
drobertson@mmmk.com
jgarrasi@mmmk.com

## CERTIFICATE OF SERVICE

I, Douglas A. Robertson, attorney for Defendants Matthew W. Bonanno and Emily J. Bonanno, hereby certify that on October 1, 2026, I served a copy of the above document(s) via email upon the following:

Raymond H. Tomlinson, Esq.
Tomlinson Law
76 Tupper Road, Suite 11
Sandwich, MA 02563
rht@tomlinsonlaw.com

Nora R. Adukonis, Esq.
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
adukonis@litchfieldcavo.com

*/s/ Douglas A. Robertson*
Douglas A. Robertson, Esq.
BBO No. 552315
Attorney for the Defendants,
Matthew W. Bonanno and Emily J. Bonanno
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240
drobertson@mmmk.com