UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 1942 REALTY, LLC,<br>Plaintiff,<br>v.<br>MATTHEW W. BONANNO, EMILY J. BONANNO, JANE DOE, AND THE CINCINNATI INSURANCE COMPANY,<br>Defendants. | C.A. No.: 1:26-cv-14345-PBS<br>**Leave to File granted on October 5, 2026** |

**PLAINTIFF'S SURREPLY CONCERNING FEDERAL JUSTICIABILITY FOLLOWING REMOVAL**

Plaintiff 1942 Realty, LLC ("Owner" or "1942") submits this surreply, with leave of Court, to address the federal justiciability framework that attached to Count XI upon removal. Owner does not reargue what has been briefed.

**INTRODUCTION**

On September 23, 2026, defendant insureds Matthew W. Bonanno and Emily J. Bonanno (collectively, the "Bonanno Defendants" as used herein) removed this action to this Court with the written consent of defendant The Cincinnati Insurance Company ("Cincinnati"), following briefing on Cincinnati's motion to dismiss Count XI of Owner's Complaint filed in the Nantucket Superior Court. Count XI seeks a declaratory judgment under state law that Cincinnati owes a duty to defend and indemnify the Bonanno Defendants under Cincinnati Policy No. 05C011064266 (the "Policy") following a water loss (the "Loss") during the Bonanno Defendants' August 2025 rental of Owner's single-family residence located on Nantucket. Owner opposed Cincinnati's motion to dismiss and cross-moved to realign the Bonanno Defendants with Owner on Count XI. Cincinnati's dismissal theory treats Owner as having no present legal stake in that coverage determination; Owner's opposition and cross-motion dispute that premise and maintain that Massachusetts law gives Owner a present derivative beneficial interest in Policy proceeds arising upon the Loss. Despite being represented by panel defense counsel and being served with a copy of Owner's opposition and cross-

motion, the Bonanno Defendants did not respond to Cincinnati's motion to dismiss or Owner's cross-motion to realign. After briefing was completed and filed in the state court action, Owner on September 14, 2026 was finally able to make service upon the Bonanno Defendants and caused process directed to defendant Jane Doe a/k/a "Chloe," alleged to be their nanny, to be delivered at the Bonannos' residence.

## ARGUMENT

### I. REMOVAL SUPPLIED A FEDERAL FRAMEWORK THAT THE STATE-COURT MEMORANDA COULD NOT HAVE ADDRESSED.

Count XI is a state-law declaratory claim now pending in this Article III court. The federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), conditions relief on the existence of "a case of actual controversy within its jurisdiction," and supplies no independent grant of jurisdiction. Article III supplies the constitutional floor.

This Court has held that removal changes the governing framework. In *Traincroft, Inc. v. Insurance Co. of the State of Pennsylvania*, No. 14-10551-FDS, 2014 WL 2865907, at *5, 2014 U.S. Dist. LEXIS 85170, at *16 (D. Mass. June 23, 2014), the complaint asserted a claim under G.L. c. 231A, § 1 and was removed on diversity. The court held that "because the case has been removed to federal court and the present question of ripeness is procedural, whether this Court may grant a declaratory judgment must be reviewed under the standard of the federal Declaratory Judgment Act, 28 U.S.C. § 2201." *Id.* (citing *Tocci Bldg. Corp. of N.J., Inc. v. Virginia Sur. Co.*, 750 F.Supp.2d 316, 320 n.2 (D. Mass. 2010)). Matters of substantive law relating to the request for declaratory relief remain governed by state law. *Id.*

The First Circuit recently confirmed that the relationship between that federal threshold and state standing doctrine remains open in this circuit. In *Kolackovsky v. Town of Rockport*, 165 F.4th 114 (1st Cir. 2026), the court noted that some circuits apply state standing law to state-law claims under diversity and supplemental jurisdiction, and stated that "[w]hile our circuit has not yet squarely faced this question, we need not address it now." *Id.* at 121-122.

## II. ARTICLE III MUST BE SATISFIED AS TO COUNT XI WHETHER OR NOT CINCINNATI MOVED UNDER RULE 12(b)(1).

Cincinnati claims that its motion to dismiss is exclusively a Rule 12(b)(6) challenge grounded in Massachusetts declaratory-judgment standing and presents no Article III question. Cincinnati accordingly does not contend that Owner lacks Article III standing, and Owner accepts that characterization. An Article III challenge would ordinarily proceed under Rule 12(b)(1), and Owner does not ask the Court to treat Cincinnati's motion as one.

Cincinnati's characterization, however, does not dispose of the question of federal justiciability. Subject matter jurisdiction cannot be waived or conferred by the parties' litigation choices, and a federal court must satisfy itself of its own authority before adjudicating a claim. That inquiry is claim-specific: standing must be assessed from the face of the Complaint as to the particular claim asserted. *Kolackovsky*, 165 F.4th at 120.

Owner maintains that Article III is satisfied. Cincinnati's argument nevertheless depends on the substantive-law premise that Owner has no cognizable pre-judgment interest in the Policy. Its September 30 opposition now states that Massachusetts law supplies the substantive requirements of the c. 231A cause of action it asks this Court to dismiss. Doc. 14 at 3 n.1.

For the avoidance of doubt, Owner clarifies the interest on which it relies. Cincinnati is affording its insureds a defense, and Owner does not rely upon the defense obligation as the source of its own Article III injury; those rights belong to the insureds. Here, Owner's asserted Article III interest concerns whether proceeds under the Policy will be available to satisfy Owner's uncompensated property loss allegedly caused by the individual defendants.

## III. CINCINNATI'S OWN PREMISE IDENTIFIES THE STATE LAW RELEVANT TO OWNER'S ASSERTED INTEREST.

### A. Federal Law Looks to the Claimant's Substantive Rights.

In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-274 (1941), the Supreme Court held that an actual controversy extended to an injured claimant—who had not yet obtained judgment against the insured—because the claimant was prosecuting a liability action

against the insured and state law afforded the claimant substantial rights against the insurer. Owner acknowledges that the insurer, not the claimant, commenced that action. The point material here is that the Supreme Court treated the claimant's state-created rights as relevant to whether the controversy was sufficiently immediate and real.

Cincinnati invokes that same methodology in arguing that Owner holds no presently enforceable interest in its policy. Cincinnati relies on *CE Design Ltd. v. American Economy Insurance Co.*, 947 F.Supp.2d 151 (D. Mass. 2012), *vacated and remanded on other grounds*, 755 F.3d 39 (1st Cir. 2014), wherein the district court held that the claimant's injury depended in large part on the substantive rights conferred by applicable state law and concluded that Illinois law gave the claimant no interest in the policy before judgment. On appeal, however, the First Circuit vacated the lower court's "no standing" dismissal and remanded with instructions to dismiss because the amount in controversy under 28 U.S.C. § 1332 was not satisfied. The court thus never reached the standing analysis. 755 F.3d at 48.

Two features of *CE Design* warrant mention. The insurer there defended under an express reservation of rights. Here, and by contrast, the pleadings establish only that Cincinnati is providing the Bonanno Defendants a defense; neither Cincinnati's briefing nor the Bonanno Defendants' Answer states that the defense is unreserved. The *CE Design* court also would have declined relief because the liability action was separately pending in another state and the claimant appeared to be selecting the coverage forum. 947 F.Supp.2d at 156-159. Those circumstances are materially different from those presented here: Defendants removed the single action in which Owner pleaded liability and coverage together, and the insurer and its insureds are already parties.

Owner does not contend that state law can supply Article III standing where the constitutional elements are absent, which *Kolackovsky* forecloses. 165 F.4th at 121-122. Rather, Owner contends only what *Kolackovsky* itself acknowledges—that Article III concepts are "sufficiently flexible to recognize state-created rights." *Id.* at 122 (quotation omitted). The state-

created interest may supply the legally cognizable interest whose threatened impairment constitutes concrete injury; it does not substitute for Article III's requirements.

**B. Under Cincinnati's Own Premise, Massachusetts Law Supplies the Relevant State-Law Interest.**

Under G.L. c. 175, § 112, an insurer's liability under a policy affording coverage for damage to property "shall become absolute whenever the loss or damage for which the insured is responsible occurs," and satisfaction by the insured of a final judgment "shall not be a condition precedent" to payment. Massachusetts decisional law affirms that recourse to the policy arises upon the occurrence, *Fallon v. Mains*, 302 Mass. 166, 168 (1939), and that a claimant acquires a beneficial interest in the policy proceeds upon the happening of the accident, *Goldstein v. Bernstein*, 315 Mass. 329, 332 (1943).

Owner does not claim that § 112 establishes the Bonanno Defendants' responsibility, which is the subject of Counts I through X, or that it displaces the final-judgment prerequisite to a claimant's reach-and-apply remedy. *See Cubberley v. Commerce Ins. Co.*, 495 Mass. 289, 293-294 (2025). Rather, Massachusetts recognizes a present but derivative beneficial interest in the policy proceeds arising upon the occurrence, enforcement of which remains subject to the statutory judgment prerequisite. That is the very legal interest that *CE Design* found the Illinois claimant to lack. Cincinnati reaches its conclusion that dismissal is required absent a judgment only by ignoring the Massachusetts authorities it says supply the requirements of the cause of action it asks this Court to dismiss.

**C. No Policy Choice-of-Law Determination Is Necessary to Decide Cincinnati's Present Motion.**

Cincinnati now represents that Massachusetts law supplies the substantive requirements of the c. 231A cause of action it challenges and that no conflict-of-laws question must be addressed. Doc. 14 at 2-3 & n.1. On that premise, no conflicts determination is necessary to decide the present motion. Whether Massachusetts or another State's law ultimately governs construction of particular Policy terms presents a distinct question not raised by Cincinnati's motion: Cincinnati

identifies no Policy provision as a basis for dismissal, and the Policy itself is not before the Court. *See HDI-Gerling Am. Ins. Co. v. Navigators Ins. Co.*, No. 15-10338-FDS, 2015 U.S. Dist. LEXIS 121457, at *13-14 (D. Mass. Sept. 11, 2015) (deferring an insurance choice-of-law determination where the pleadings did not establish where the contracts were negotiated, issued, delivered, and signed).

## IV. ANY JURISDICTIONAL DISMISSAL CANNOT BE WITH PREJUDICE; CINCINNATI'S MASSACHUSETTS-LAW THEORY PRESENTS A SEPARATE, UNSETTLED QUESTION.

Cincinnati asks that Count XI be dismissed with prejudice. Docs. 5, 6.

Article III is antecedent and independent. Should the Court conclude that Owner lacks Article III standing as to Count XI, the resulting dismissal cannot operate as an adjudication on the merits. A want of jurisdiction deprives a court of the authority to enter judgment on the merits, and a dismissal for lack of Article III standing must operate without prejudice. *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 736-737 (1st Cir. 2016). The two inquiries are in any event "fundamentally distinct": standing in no way depends on the merits of the plaintiff's contention that particular conduct is unlawful. *Id.* at 734.

If Article III is satisfied, Cincinnati's separate Rule 12(b)(6) theory presents a question of Massachusetts law that the Supreme Judicial Court has expressly declined to decide. *Cubberley*, 495 Mass. at 294 n.8. The Superior Court is divided. *Compare Dorchester Mut. Ins. Co. v. Legeyt*, 2008 Mass. Super. LEXIS 462 (Norfolk Super. Ct., Dec. 29, 2008) (Garsh, J.), *with Ioannou v. Merrimack Mut. Fire Ins. Co.*, 2001 Mass. Super. LEXIS 623 (Middlesex Super. Ct., Dec. 20, 2001) (Giles, J.). That uncertainty is not itself an Article III defect; it is a state-law merits question this Court may predict or, if appropriate, certify under S.J.C. Rule 1:03.

## V. POST-BRIEFING DEVELOPMENTS NARROW THE CROSS-MOTION; THEY DO NOT RESOLVE IT OR ALTER THE PLEADING QUESTION.

Owner served the Bonanno Defendants on September 14, 2026, and on the same date caused process directed to defendant Jane Doe a/k/a "Chloe" to be delivered at the Bonannos'

residence. Since Owner sought leave, the Bonanno Defendants have answered. Doc. 15. They deny that Owner may obtain the requested declaration and plead that Cincinnati is providing them a defense and that no present coverage dispute exists between themselves and Cincinnati for Owner to resolve. Doc. 15 at 11, 16. In light of that pleading, Owner does not press the forty-five-day response period its cross-motion requested.

The Bonanno Defendants' carefully framed assertion that *no present coverage dispute exists* does not resolve the substantive question Owner's cross-motion raises. The absence of a present coverage dispute between an insurer and its insureds is <u>not</u> the absence of divergent interests between them. Because the duty to defend is broader than the duty to indemnify and turns on allegations potentially within coverage, Cincinnati's provision of a defense does not establish that it has accepted the indemnity risk. The Bonanno Defendants state that they "make no coverage representations" and deny any allegation inconsistent with "Cincinnati's actual coverage position." Doc. 15 at 3. Neither Cincinnati's briefing nor the Answer states Cincinnati's "actual" coverage position or whether the defense is furnished subject to a reservation of rights—a fact directly bearing on whether Cincinnati's interests and those of its insureds diverge on indemnity. If the defense is unreserved, Cincinnati can say so in a sentence.

The resulting record leaves Jane Doe unidentified and unheard while Cincinnati seeks dismissal of the only count addressing insurance coverage. Owner maintains, upon information and belief, that Jane Doe qualifies as an insured under the Policy based upon her alleged status as the Bonanno Defendants' household employee at the time of the Loss; Cincinnati's briefing states no contrary position. Independently, the Complaint alleges that the Bonanno Defendants are vicariously liable for her negligence, COMPL. ¶¶ 66–71, and Count XI seeks indemnity for all compensatory damages awarded against them, *id.* ¶ 105(c); Count XI's indemnity determination therefore necessarily encompasses damages awarded against the Bonanno Defendants on a vicarious-liability theory predicated on her conduct. Those named insureds nevertheless plead that *no present coverage dispute exists* yet make no coverage representations of their own. Doc. 15 at 3, 16.

The Bonanno Defendants are best positioned to identify the individual pleaded as Jane Doe a/k/a "Chloe." They admit that she "was present at the Premises during portions of the rental period," yet state that they lack knowledge sufficient to admit or deny allegations concerning her "present identity or residence." Doc. 15 at 3. They do not state that they are unable to identify the person they admit was present. Despite Owner's repeated written requests, counsel for the Bonanno Defendants has declined to provide her identifying information. Owner asks only for Jane Doe's full legal name, last-known residential address, last-known telephone number, and last-known e-mail address.

That request also permits compliance with the Court's September 29 Notice, which makes Owner's counsel responsible for ensuring notice of the November 12 conference to parties who have not answered or appeared. Doc. 11. Jane Doe has done neither. The Bonanno Defendants—and Cincinnati, to the extent it possesses responsive identifying information—should therefore provide the minimum information necessary for Owner to notify her.

Owner maintains that service upon Jane Doe was effective. Because Count XI's indemnity determination necessarily encompasses liability predicated on her conduct, her position is directly relevant to the sequencing of these claims. If service is later found incomplete or defective, 28 U.S.C. § 1448 permits completion or new process after removal, and § 1447(a) authorizes necessary orders and process to bring proper parties before the Court. These developments bear on sequencing and the cross-motion, not amendment of the Complaint. *See Kolackovsky*, 165 F.4th at 120.

## **CONCLUSION**

Removal introduced federal justiciability requirements not briefed below. Cincinnati disclaims an Article III challenge, and Owner maintains that Article III is satisfied. Because Cincinnati says Massachusetts law governs the c. 231A entitlement question, *CE Design's* Illinois-law conclusion cannot displace Massachusetts authorities recognizing Owner's present derivative interest in policy proceeds. The Motion should be denied; any jurisdictional dismissal cannot be with prejudice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests of this Honorable Court to enter an ORDER:

1. Denying The Cincinnati Insurance Company's Motion to Dismiss Count XI;

2. In the alternative, providing that any dismissal of Count XI for lack of Article III standing, or otherwise for want of subject matter jurisdiction, shall be without prejudice;

3. In any event, before Count XI and the pending alignment question are finally adjudicated, and to permit compliance with the Court's September 29, 2026 Notice (Doc. 11), directing, pursuant to 28 U.S.C. § 1447(a), the Bonanno Defendants—and Cincinnati, to the extent Cincinnati possesses responsive identifying information—to provide Jane Doe's full legal name, last-known residential address, last-known telephone number, and last-known e-mail address, and affording Jane Doe a reasonable opportunity to appear and state her position;

4. If Article III is satisfied but disposition turns on the unsettled Massachusetts-law question identified in Section IV, reserving decision and permitting briefing on certification under S.J.C. Rule 1:03; and

5. Ordering such other and further relief as justice may require.

Respectfully submitted,

**PLAINTIFF,**

1942 REALTY, LLC,

By its Attorney,

*/s/ Raymond H. Tomlinson, Jr.*

Raymond H. Tomlinson, Jr., BBO# 654855
TOMLINSON | LAW
76 Tupper Road, Suite 11
Sandwich, MA 02563
Telephone: (508) 348-9030
Facsimile: (508) 422-0930
*rht@tomlinsonlaw.com*

Dated: October 7, 2026

**CERTIFICATE OF SERVICE**

I, Raymond H. Tomlinson, Jr., hereby certify that on this day, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system, and upon the following person(s) via US Mail Delivery:

Jane Doe a/k/a "Chloe"
155 East 72nd Street, Apt. 9A
New York, NY 10021

*/s/ Raymond H. Tomlinson, Jr.*
Raymond H. Tomlinson, Jr.

Dated: October 7, 2026