**UNITED STATES DISTRICT COURT FOR THE**
**FIRST DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 1:26-cv-14345

1942 REALTY, LLC,

*Plaintiff*,

v.

MATTHEW W. BONANNO,
EMILY J. BONANNO,
JANE DOE, and
THE CINCINNATI INSURANCE COMPANY,

*Defendants*.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MATTHEW W. BONANNO AND EMILY J. BONANNO'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND, IN THE ALTERNATIVE, FOR JUDGMENT ON THE PLEADINGS TO DISMISS**

## INTRODUCTION

This motion presents two narrow issues that can be separated from the disputed cause of the August 21, 2025 water loss. First, the parties' written Occupancy Agreement prescribed both a procedure and an express consequence for post-tenancy damage claims. Section 8 required the landlord to submit written, itemized copies of all bills, repairs, and damage claims to Great Point Properties, Inc. within forty-five days after vacancy. It further stated that, if the landlord failed to comply, the landlord would be "deemed to have waived" its rights relative to reimbursement of "any and all bills and expenses resulting from the tenancy." The undisputed record establishes noncompliance. The Court should enforce that agreed consequence that the parties chose.

Second, G. L. c. 175, § 4F required the operator of this short-term rental to maintain at least $1,000,000 in liability coverage that would defend and indemnify tenants for property damage arising from the rental, unless qualifying coverage was maintained by a hosting platform. The allegations pled by Plaintiff establish that 1942 Realty, Inc. ("1942") did not maintain or provide that coverage. Massachusetts appellate authority recognizes potential civil recourse when a party fails to procure

insurance that a statute required for the protection of an identifiable beneficiary. Because Defendant The Cincinnati Insurance Company ("Cincinnati") is presently providing the Bonannos' defense, however, Defendants do not seek duplicative costs or a present adjudication of Cincinnati's indemnity obligations. Therefore, the Bonanno Defendants respectfully request that this Honorable Court enter judgement establishing 1942 Realty's § 4F duty and noncompliance, and reserve remedial consequences until the coverage and damages record is complete.

**<u>RELEVANT FACTUAL BACKGROUND</u>**

1942 Realty, LLC ("1942 Realty") leased 12 Galen Avenue, Nantucket, Massachusetts to Matthew W. Bonanno for August 16 through August 30, 2025. The agreement identifies 1942 Realty as "LANDLORD," Matthew Bonanno as "TENANT," and Great Point Properties, Inc. ("Great Point") as the rental agent. *Compl.* ¶¶ *11–16, Ex. A.*

Section 8 governs the $4,500 security deposit and post-tenancy claims. It provides, in relevant part:

> LANDLORD must submit written itemized copies of all bills, repairs, damage claims, etc. to Great Point Properties, Inc. within 45 days of TENANTS vacancy . . . . If LANDLORD shall fail to comply with these terms, the security deposit will be returned in full to the TENANT on the 60th day and the LANDLORD will be deemed to have waived their rights relative to reimbursement of any and all bills and expenses resulting from the tenancy." *Compl. Ex. A § 8.*

The tenancy ended August 30, 2025. The forty-five-day deadline therefore expired October 14, 2025; the sixty-day period expired October 29, 2025. 1942 Realty did not submit the required written itemization to Great Point within the forty-five-day period and did not provide the contractually required itemized security-deposit accounting within sixty days.

The Complaint nevertheless seeks, among other sums, $160,447.66 in remediation and repair costs, together with expert, investigation, professional, and other consequential expenses. *Compl.* ¶¶ *30–35, 46, 52, 96*.

The rental was a short-term rental within G. L. c. 175, § 4F and G. L. c. 64G, § 1. Section 4F(b) required the operator to maintain at least $1,000,000 in liability insurance covering each short-term rental unless qualifying coverage was maintained by a hosting platform, and required that coverage to "defend and indemnify the operator and any tenants or owners in the building for bodily injury and property damage arising from the short-term rental." In its Verified Complaint, Plaintiff's pleadings establish that such a policy or hosting-platform coverage was neither procured nor provided for this rental.

## LEGAL STANDARD

Rule 56 permits partial summary judgment where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (g); *Taite v. Bridgewater State Univ.*, 999 F.3d 86, 93 (1st Cir. 2021). A dispute is material only if it could affect the outcome under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A movant may satisfy its burden by identifying an absence of evidence on an element for which the nonmovant bears the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Welch v. Sudbury Youth Soccer Assocs., Inc.*, 453 Mass. 352 (2009) (judgment on the pleadings may be entered if a plaintiff fails to present sufficient facts in the complaint to support the legal claims made).

Rule 56 expressly authorizes summary judgment on a "part of each claim or defense." Fed. R. Civ. P. 56(a). If the Court does not grant all requested relief, Rule 56(g) permits it to identify material facts that are not genuinely disputed and treat those facts as established in the case. Partial summary judgment appropriately narrows issues remaining for trial. *See Alberty-Vélez v. Corporación de P.R. para la Difusión Pública*, 242 F.3d 418, 422–423 (1st Cir. 2001). Unequivocal factual assertions in

a party's pleadings may constitute binding judicial admissions. *Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co.*, 976 F.2d 58, 61 (1st Cir. 1992).

## ARGUMENT

### I. Section 8 expressly conditions the Landlord's reimbursement rights on timely itemization and supplies the consequence for noncompliance.

Massachusetts courts enforce unambiguous contractual language according to its ordinary meaning and, wherever practicable, give effect to every word. *See DeWolfe v. Hingham Centre, Ltd.*, 464 Mass. 795, 803–804 (2013). Section 8 of the contract between Plaintiff and the Bonanno Defendants directly states what the landlord "must" do, fixes a forty-five-day deadline, and then states what follows "if" the landlord does not comply: the deposit must be returned and the landlord is deemed to have waived" reimbursement rights for "any and all bills and expenses resulting from the tenancy."

The Appeals Court's decision in *Massachusetts Port Authority v. Johnson Controls, Inc.* is instructive. 54 Mass. App. Ct. 541, 544–546 (2002). There, the court explained that words such as "if," "provided that," or "on condition that" are the familiar means of creating a contractual contingency; although the agreement before it lacked such language, the notice provision remained material and untimely notice defeated recovery of the indemnity expenses at issue. *Id.* at 544–546. In this case, Section 8 is stronger: it uses "if" and expressly identifies waiver as the consequence of noncompliance.

The SJC likewise enforces express contractual limitations on recoverable damages where the language is unambiguous. *See Costa v. Brait Builders Corp.*, 463 Mass. 65, 77–79 (2012) (directed verdict should have entered where incorporated contract language unambiguously precluded consequential damages). The Court need not rewrite Section 8. It need only apply the consequence the parties selected.

Here, the deadlines were October 14 and October 29, 2025. Plaintiff has not plead that any compliant itemization was submitted within those periods. The waiver therefore applies at least to the categories its text expressly reaches: remediation invoices, repair bills, plumbing charges, expert and investigation expenses, professional expenses, and other "bills and expenses resulting from the tenancy." These are the core monetary categories Plaintiff pleads in Counts I and II, and repeats throughout the Complaint.

The final sentence of Section 8 does not eliminate Plaintiff's waiver. It states that, after Great Point returns the deposit and is held harmless, the landlord becomes responsible for collection of bills. Reading that sentence to erase the immediately preceding waiver would violate the rule that the contract be construed, where practicable, so that every word has effect. *See Dewolfe*, 464 Mass. at 803–804. The two provisions operate together: Great Point is removed from the collection process, while the landlord remains bound by the reimbursement rights it expressly agreed would be waived upon noncompliance.

Accordingly, partial judgment should enter barring recovery of the Section 8 categories. Count I and Count II should be dismissed to that extent. The motion does not ask the Court, on this ground, to adjudicate any separately provable category such as lost rental income that falls outside "bills and expenses."

## II. Section 4F required liability coverage for the Tenant, and Massachusetts law does not permit the statutory beneficiary to bear the uninsured loss created by non-procurement.

Section 4F(b) mandates that an operator "shall maintain" at least $1,000,000 in liability insurance for each short-term rental unless qualifying coverage is maintained by a hosting platform. G. L. c. 175, §4F(b). The same subsection directs that "[s]uch coverage shall defend and indemnify the operator and any tenants or owners in the building for bodily injury and property damage arising from the short-term rental." Matthew Bonanno is the named "TENANT" in the agreement. The

statutory protection therefore identifies both the required insurance and an intended beneficiary of it.

The SJC has repeatedly recognized a civil duty where insurance is mandated by statute for the protection of a beneficiary. In *LaClair v. Silberline Manufacturing Co.*, the Court held that negligence may be found where a responsible business official disregards a statutory duty to obtain workers' compensation insurance. 379 Mass. 21, 26–30 (1979). In *Rae v. Air-Speed, Inc.*, the Court held that a potential beneficiary may recover both in tort and as an intended third-party beneficiary for the negligent failure to procure statutorily required insurance under which the beneficiary would have recovered. 386 Mass. 187, 192–196 (1982). And in *Couillard v. Pick*, the Court explained why those cases imposed a duty: the beneficiaries' expectation that insurance would exist was "rightful and foreseeable because the insurance was mandated by statute." 397 Mass. 756, 758–760 (1986).

Those decisions control the governing principle even though no reported Massachusetts appellate decision has yet construed § 4F in this factual setting. Section 4F is, if anything, more explicit as to the protected class: it says the required coverage shall defend and indemnify "tenants." A landlord-operator cannot improve its position by failing to procure the very insurance that the Legislature required for the tenant's protection and then shifting the resulting uninsured exposure back to that tenant.

The SJC's treatment of another statutorily required security mechanism confirms the point. In *Costa*, the Court held unenforceable a private contractual waiver that would defeat rights under a bond statute because the waiver would frustrate the statute's remedial security purpose. 463 Mass. at 72–76. Section 4F similarly mandates a specific financial protection for a specifically identified beneficiary. The Court need not create a freestanding statutory damages action to give effect to that mandate; the established Massachusetts failure-to-procure cases already supply the governing common-law consequence.

Thus, to the extent 1942 Realty seeks to impose upon Matthew Bonanno property-damage liability that a complaint § 4F policy was required to defend and indemnify, any recovery is subject to a corresponding recoupment or setoff for the defense and indemnity protection lost through 1942 Realty's non-procurement. Because the claimed damages are far below the statute's $1,000,000 minimum, that ruling may substantially or completely eliminate Matthew Bonanno's net exposure, depending on the scope of the coverage required by § 4F.

### III. The same damages cannot be restored by 1942 Realty pleading alternate labels.

The requested relief is damages-specific. Section 8 addresses "any and all bills and expenses resulting from the tenancy," not merely damages pleaded under a particular count. Likewise, the § 4F issue concerns the property-damage liability for which the statute required tenant protection. Repleading the same monetary loss as contract, implied covenant, negligence, waste, conversion, trespass to chattels, unjust enrichment, or recklessness does not change the nature of the loss for purposes of the contractual waiver or the statutory insurance requirement. Massachusetts law does not permit duplicative recovery for the same injury. *See Costa*, 463 Mass. at 73–75 (separate recoveries require factually separable and distinguishable harms).

## CONCLUSION

Defendants Matthew W. Bonanno and Emily J. Bonanno respectfully request that this Honorable Court enter partial judgment enforcing Section 8's waiver as to the bills and expenses covered by its text; dismiss Counts I and II to that extent; and enter partial judgment that any property-damage liability imposed upon Matthew Bonanno within the protection required by G. L. c. 175, § 4F is subject to recoupment or setoff for the defense and indemnity protection that 1942 Realty was required, but failed, to procure. In the alternative, the Court should enter such partial judgment on the pleadings as the pleadings and incorporated Occupancy Agreement permit.

*[SIGNATURE PAGE TO FOLLOW]*

Dated: October 19, 2026

Respectfully submitted,
Defendants,
Matthew W. Bonnano and Emily J. Bonanno,
By and through their attorneys,

*/s/ Douglas A. Robertson*
Douglas A. Robertson, Esq.
BBO No. 552315
*/s/ John R. Garrasi*
John R. Garrasi, Esq.
BBO No. 717460
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240
drobertson@mmmk.com
jgarrasi@mmmk.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Douglas A. Robertson, attorney for Defendants Matthew W. Bonanno and Emily J. Bonanno, hereby certify that on October 19, 2026, I served a copy of the above document(s) via email upon the following:

Raymond H. Tomlinson, Esq.
Tomlinson Law
76 Tupper Road, Suite 11
Sandwich, MA 02563
rht@tomlinsonlaw.com

Nora R. Adukonis, Esq.
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
adukonis@litchfieldcavo.com

*<u>/s/ Douglas A. Robertson</u>*
Douglas A. Robertson, Esq.
BBO No. 552315
Attorney for the Defendants,
Matthew W. Bonanno and Emily J. Bonanno
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240
drobertson@mmmk.com