**UNITED STATES DISTRICT COURT FOR THE**
**FIRST DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 1:26-cv-14345

1942 REALTY, LLC,

*Plaintiff*,

v.

MATTHEW W. BONANNO,
EMILY J. BONANNO,
JANE DOE, and
THE CINCINNATI INSURANCE COMPANY,

*Defendants*.

**DEFENDANTS MATTHEW W. BONANNO AND EMILY J. BONANNO'S LIMITED RESPONSE TO PLAINTIFF'S SURREPLY AND CROSS-MOTION**

**LEAVE TO FILE GRANTED ON OCTOBER 19, 2026**

## INTRODUCTION

Defendants Matthew W. Bonanno and Emily J. Bonanno (collectively, the "Bonanno Defendants"), by and through undersigned counsel, respectfully submit this first substantive response concerning the pending Motion to Dismiss of The Cincinnati Insurance Company. Their position is narrow: the Bonanno Defendants presently take no position Cincinnati's Motion to Dismiss Count XI. The Bonanno Defendants oppose Plaintiff's attempt to realign them with Plaintiff, and also oppose Plaintiff's attempt to compel disclosure of Jane Doe's personally identifiable information ("PII").

## I. THE BONANNO DEFENDANTS SHOULD NOT BE REALIGNED WITH PLAINTIFF.

Federal realignment turns on the "principal purpose of the suit" and the "primary and controlling matter in dispute," not on a subsidiary issue on which parties may share a desired outcome. *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69–70 (1941) (citations omitted). The First Circuit likewise asks whether an actual collision of interests remains after identifying the

primary controversy; even parties pursuing a common strategy need not be realigned where a material conflict remains. *See U.S.I. Props. Corp. v. M.D. Constr. Co.*, 860 F.2d 1, 4–5 (1st Cir. 1988).

Here, Plaintiff seeks hundreds of thousands of dollars from the Bonanno Defendants, and the Bonanno Defendants vigorously deny liability and have moved for judgment on the pleadings. Cincinnati is providing the Bonannos' defense against the Plaintiff's claims. Plaintiff is correct that the duties to defend and indemnify are legally distinct. *See Wilkinson v. Citation Ins. Co.*, 447 Mass. 663, 671–672 (2006) (distinguishing the immediate duty to defend from indemnity, which turns on established liability). But that distinction does not establish a present collision between Cincinnati and the Bonanno Defendants, much less transform the Bonanno Defendants into Plaintiff's litigation partners.

The Bonanno Defendants have not asserted a coverage dispute with Cincinnati. Cincinnati has undertaken their defense. The Plaintiff and the Bonanno Defendants are directly adverse. Having created the adversity, the Plaintiff cannot simply wish it away. Plaintiff's Cross-Motion should therefore be denied insofar as it seeks to realign the Bonanno Defendants with Plaintiff.

## II. PLAINTIFF'S NEW REQUEST FOR AN ORDER COMPELLING JANE DOE'S PERSONALLY IDENTIFIABLE INFORMATION ("PII") SHOULD BE DENIED.

The Surreply asks, for the first time, that the Court order the Bonanno Defendants to disclose Jane Doe's full legal name, address, telephone number, and email address. *Doc. 17 at 9*. The record does not show Jane Doe was ever served with Plaintiff's Surreply, or that she knowns the Plaintiff seeks to compel her PII. There is no evidence Jane Doe has been given proper notice or the opportunity to oppose this motion. That request was not part of "Plaintiff's Cross-Motion for an Order Realigning Defendants Matthew W. Bonanno and Emily J. Bonanno with Plaintiff in Opposition to Cincinnati Insurance Company's Motion to Dismiss Count XI," and is affirmative relief directed at parties who had not previously responded to the motion. Rule 7(b)(1) requires a

request for a court order to be made by motion stating the grounds and relief sought. The First Circuit likewise repeatedly declines to reward new arguments first introduced in reply-stage briefing and recognizes a district court's discretion to refuse consideration of such new matters. *See Sandstrom v. ChemLawn Corp.*, 904 F.2d 83, 86 (1st Cir. 1990); *Walsh v. TelTech Systems, Inc.*, 821 F.3d 155, 160 n.2.

The requested order is also unnecessary. Section 1447(a) authorizes only "necessary orders and process to bring before [the Court] all proper parties." Plaintiff maintains that service upon Jane Doe was already effective and continues to serve Jane Doe by mail at 155 East 72nd Street. *Doc. 17 at 7, 10*. The Supreme Court has confirmed that, after removal, federal procedural rules govern the further conduct of the action. *See Freeman v. Bee Mach. Co.*, 319 U.S. 448, 452–454 (1943). The ordinary disclosure and discovery framework is therefore available. *See* Fed. R. Civ. P. 26(d), 33. Plaintiff has not shown why a separate § 1447(a) disclosure order is necessary before the ordinary disclosure process proceeds.

The Bonanno Defendants do not presently employ, or legally represent Jane Doe and do not concede the sufficiency of purported service upon her. Denial of Plaintiff's premature request is required given that there is no proof Jane Doe has notice of Plaintiff's extraordinary request.

## III. THE BONANNO DEFENDANTS TAKE NO POSITION ON CINCINNATI'S MOTION AT THIS TIME.

The Bonanno Defendants do not assert a coverage dispute with Cincinnati and do not adopt Plaintiff's mischaracterization of their interests. Accordingly, they respectfully request that Cincinnati's Motion to Dismiss Count XI be adjudicated without treating the Bonanno Defendants as taking any position on Cincinnati's motion.

## CONCLUSION

For these reasons, the Bonanno Defendants respectfully request that the Court: (1) deny Plaintiff's request to realign them with Plaintiff; (2) deny Plaintiff's newly asserted and premature request to compel disclosure of Jane Does's personally identifiable information; and (3) otherwise decide Cincinnati's pending Motion to Dismiss, on which the Bonannos take no position.

Dated: October 19, 2026

Respectfully submitted,
Defendants,
Matthew W. Bonnano and Emily J. Bonanno,
By and through their attorneys,

*/s/ Douglas A. Robertson*
Douglas A. Robertson, Esq.
BBO No. 552315
*/s/ John R. Garrasi*
John R. Garrasi, Esq.
BBO No. 717460
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240
drobertson@mmmk.com
jgarrasi@mmmk.com

**CERTIFICATE OF SERVICE**

I, Douglas A. Robertson, attorney for Defendants Matthew W. Bonanno and Emily J. Bonanno, hereby certify that on October 19, 2026, the foregoing was filed through the Court's CM/ECF system and thereby served upon all counsel of record:

Raymond H. Tomlinson, Esq.
Tomlinson Law
76 Tupper Road, Suite 11
Sandwich, MA 02563
rht@tomlinsonlaw.com

Nora R. Adukonis, Esq.
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
adukonis@litchfieldcavo.com

*/s/ Douglas A. Robertson*

Douglas A. Robertson, Esq.
BBO No. 552315
Attorney for the Defendants,
Matthew W. Bonanno and Emily J. Bonanno
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
(617) 227-3240
drobertson@mmmk.com