UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| 1942 REALTY, LLC,<br>Plaintiff,<br>v.<br>MATTHEW W. BONANNO, EMILY J. BONANNO, JANE DOE, AND THE CINCINNATI INSURANCE COMPANY,<br>Defendants. | C.A. No.: 1:26-cv-14345-PBS |

**DECLARATION OF RAYMOND H. TOMLINSON, JR.**
**PURSUANT TO FED. R. CIV. P. 56(d)**

I, Raymond H. Tomlinson, Jr., declare as follows:

1. I am counsel for Plaintiff 1942 Realty, LLC in this action and make this declaration based upon my personal knowledge of the matters stated herein.

2. Merits discovery has not yet begun in this action. No depositions have been taken, no interrogatories or requests for production have been answered, and no third-party discovery has begun. The Rule 26(f) conference has not yet occurred, and Fed. R. Civ. P. 26(d)(1) ordinarily prevents Plaintiff from seeking discovery from any source before that conference.

3. The Bonanno Defendants' motion seeks dispositive findings concerning, among other things, compliance with Section 8 of the Occupancy Agreement and the insurance requirements of G. L. c. 175, § 4F.

4. Discovery relevant to those issues remains outstanding, including non-party Great Point Properties' rental file and communications concerning the Bonannos' tenancy and the Loss; information concerning Great Point's role as a hosting platform, if any, and any insurance coverage associated with that role; Cincinnati's complete policy and nonprivileged coverage-position

materials; and the factual basis for the Bonanno Defendants' affirmative defenses concerning Section 8 of the Occupancy Agreement and G.L. c. 175, § 4F.

5. On September 18, 2025, I transmitted Owner's written notice of claim by e-mail to, among others, James Garrels of Great Point Properties. That transmission occurred during the period the Bonanno Defendants contend was the forty-five-day period under Section 8 of the Occupancy Agreement.

6. On November 25, 2025, Great Point's president, Edmund W. Liddle, advised me by e-mail that Great Point was remitting the $4,500 security deposit to me. Great Point's rental file and communications are therefore reasonably expected to reflect what Great Point received concerning the loss, how Great Point treated Owner's notice and claim, its communications with the Bonanno Defendants, and the basis on which Great Point retained and later remitted the deposit.

7. The Bonanno Defendants themselves have pleaded that they "have not yet had the benefit of discovery," including Plaintiff's Great Point file, insurance-procurement records, and damages documentation.

8. The foregoing discovery bears directly on factual predicates the Bonanno Defendants ask the Court to treat as established, including what materials were submitted to or maintained by Great Point, how Great Point administered the security deposit and Owner's claim, whether qualifying hosting-platform coverage existed, and the nature and extent of any actual loss allegedly caused by nonprocurement of insurance.

9. If the Court considers matters outside the pleadings and treats the Bonanno Defendants' motion as one for summary judgment, Plaintiff cannot fairly present all facts essential to justify its opposition without a reasonable opportunity to obtain the foregoing discovery. Plaintiff has not

previously been able to obtain that merits discovery because the Rule 26(f) conference has not yet occurred and discovery has not opened under Rule 26(d)(1).

10. Plaintiff therefore respectfully requests that, to the extent the Court converts the motion to one under Rule 56, the Court deny or defer consideration of the motion and permit appropriate discovery pursuant to Fed. R. Civ. P. 56(d).

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Raymond H. Tomlinson, Jr.*
Raymond H. Tomlinson, Jr.

Dated: November 2, 2026