UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| 1942 REALTY, LLC,<br>Plaintiff,<br>v.<br>MATTHEW W. BONANNO, EMILY J. BONANNO, JANE DOE, AND THE CINCINNATI INSURANCE COMPANY,<br>Defendants. | ) | C.A. No.: 1:26-cv-14345-PBS<br>**LEAVE TO FILE GRANTED NOVEMBER 3, 2026** |

**PLAINTIFF'S REPLY TO DEFENDANTS MATTHEW W. BONANNO AND EMILY J. BONANNO'S LIMITED RESPONSE TO PLAINTIFF'S SURREPLY AND CROSS-MOTION**

Plaintiff 1942 Realty, LLC ("Owner" or "1942") submits this reply, with leave of Court, to the Limited Response of defendants Matthew W. Bonanno and Emily J. Bonanno (the "Bonanno Defendants"). Doc. 23. Therein, the Bonanno Defendants deny any conflict with The Cincinnati Insurance Company ("Cincinnati") on indemnity without stating that Cincinnati defends them without reservation, and they direct Owner to identify Jane Doe through ordinary discovery. Not only does neither position defeat Owner's Cross-Motion, but the Bonanno Defendant's same-day filing (motion for judgment on the pleadings, Paper No. 20) acknowledges that the "coverage and damages record" is not complete and asks the Court to reserve remedial consequences pending its completion.

## ARGUMENT

### I. THE BONANNO DEFENDANTS HAVE NOT SHOWN THAT THEIR INTERESTS AND CINCINNATI'S COINCIDE ON INDEMNITY.

The Bonanno Defendants represent that Cincinnati "has undertaken their defense" and that they "have not asserted a coverage dispute with Cincinnati." Doc. 23 at 2. They do not state that Cincinnati is defending them without a reservation of rights. On November 17, 2025, Cincinnati's

Senior Claims Specialist wrote to Owner's counsel that Cincinnati had sent its "coverage position letter" and that its "position has not changed." See Ex. A. On September 15, 2026, Owner requested every reservation-of-rights, coverage-position, and disclaimer letter, and alternatively offered to accept a stipulation that Cincinnati was defending without reservation and would indemnify a covered judgment. See Ex. B. Neither Cincinnati nor the Bonanno Defendants has provided that stipulation or otherwise stated that Cincinnati is defending the Bonannos without reservation. As the Bonanno Defendants concede, the duties to defend and to indemnify "are legally distinct." Doc. 23 at 2. Cincinnati's present defense therefore does not establish that the insureds' interests coincide with the insurer's on indemnity, which is the subject of Count XI.

Indeed, the Bonanno Defendants' same-day memorandum confirms both that indemnity remains materially implicated and that the record bearing on the ultimate allocation of the claimed loss is incomplete. Therein, the Bonanno Defendants state that, because Cincinnati "is presently providing the Bonannos' defense," they "do not seek . . . a present adjudication of Cincinnati's indemnity obligations," and instead ask the Court to "reserve remedial consequences until the coverage and damages record is complete." Doc. 21 at 2. The Bonanno Defendants further seek a ruling that "may substantially or completely eliminate Matthew Bonanno's net exposure." Id. at 7. On the Bonanno Defendants' own account, then, Cincinnati's indemnity obligations remain unadjudicated and the coverage record remains incomplete. A present defense neither resolves those questions nor establishes coincidence of interest on indemnity.

Contrary to the Bonanno Defendants' claims, Owner did not mischaracterize the Bonanno Defendants' interests. Doc. 23 at 3. Rather, in their own Notice of Removal, the Bonanno Defendants described their liability dispute with Owner as an actual collision "notwithstanding a shared position with respect to insurance coverage under Count XI." Doc. 1 ¶ 14. Owner does not

contend that the Bonanno Defendants are its "litigation partners." Doc. 23 at 2. Whatever effect the separate liability controversy may have on formal alignment, the Bonanno Defendants' own authority recognizes an *actual collision of interests* in the question of "who would pay." *U.S.I. Props. Corp. v. M.D. Constr. Co.*, 860 F.2d 1, 4–5 (1st Cir. 1988). Thus, the question Count XI presents – who would pay – is simply not answered by Cincinnati's present defense of its insureds.

## II. THE BONANNO DEFENDANTS' OBJECTION CONCERNING JANE DOE FAILS UNDER ITS OWN PREMISES.

### A. The Bonanno Defendants Cannot Rely on Jane Doe's Lack of Notice While Withholding the Information Needed to Give It.

The Bonanno Defendants argue that Owner's request for Jane Doe's identifying information should be denied because "there is no proof Jane Doe has notice." Doc. 23 at 3. The absence of identifying information is the very reason notice cannot be confirmed. The Bonanno Defendants' Answer admits that the individual referred to as Jane Doe or "Chloe" "was present at the Premises during portions of the rental period," and they profess only to lack knowledge of her "present identity or residence." Doc. 15 ¶ 9. Notably, neither the Answer nor the Limited Response states that the Bonanno Defendants do not know her name. Their statement that they "do not presently employ" her likewise speaks only to the present. Doc. 23 at 3.

The Bonanno Defendants also disclaim representing Jane Doe, yet "do not concede the sufficiency of purported service upon her." Id. Whatever position Jane Doe may take concerning service, the Bonanno Defendants cannot invoke her purported lack of notice as a reason to withhold identifying information needed to locate and notify her.

### B. The Bonanno Defendants Invoked Ordinary Discovery After Owner Had Already Initiated It.

The Bonanno Defendants contend that "[t]he ordinary disclosure and discovery framework is therefore available." Doc. 23 at 3 (citing Fed. R. Civ. P. 26(d), 33). Owner agrees. At 10:15 a.m.

on October 19, 2026, hours before the Bonanno Defendants sought leave to file the Limited Response, Owner circulated its Rule 26(f) proposal, identified Jane Doe's identity as an early discovery priority, and asked each party to state its position or provide availability to confer. Ex. C. At 10:44 a.m., counsel for the Bonanno Defendants responded: *"We are all busy this week. We are not able to spend today, or the next few days, in written back and forth. Also, I disagree with your overly broad interpretation of the rules."* Id.

Later that day, the Bonanno Defendants sought leave to file a response directing Owner to the "ordinary disclosure and discovery framework" to secure Jane Doe's identity. Doc. 23 at 3. As of this filing, the Rule 26(f) conference has not occurred, no initial disclosures have been exchanged, and Jane Doe's identity remains undisclosed. The Bonanno Defendants cannot direct Owner to that process and then defer it.

## CONCLUSION

The Bonanno Defendants' own filings show that Cincinnati's indemnity obligations remain unresolved and that they regard the coverage and damages record as incomplete. Their objection concerning Jane Doe likewise does not answer Owner's request to identify her; the ordinary process they invoke has not yet begun, and her identity remains undisclosed. The Cross-Motion should therefore be allowed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests of this Honorable Court to enter an ORDER:

1. Allowing Owner's Cross-Motion and realigning the Bonanno Defendants with Owner for purposes of Cincinnati's Motion to Dismiss Count XI; and

2. Ordering such other and further relief as justice may require.

Respectfully submitted,

**PLAINTIFF,**

1942 REALTY, LLC,

By its Attorney,

*/s/ Raymond H. Tomlinson, Jr.*

Raymond H. Tomlinson, Jr., BBO# 654855
TOMLINSON | LAW
76 Tupper Road, Suite 11
Sandwich, MA 02563
Telephone: (508) 348-9030
Facsimile: (508) 422-0930
rht@tomlinsonlaw.com

Dated: November 3, 2026

**CERTIFICATE OF SERVICE**

I, Raymond H. Tomlinson, Jr., hereby certify that on this day, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system, and upon the following person(s) via US Mail Delivery:

Jane Doe a/k/a "Chloe"
155 East 72nd Street, Apt. 9A
New York, NY 10021

*/s/ Raymond H. Tomlinson, Jr.*
Raymond H. Tomlinson, Jr.

Dated: November 3, 2026

# EXHIBIT A

## Raymond Tomlinson

**From:** Resendes, Cindy <Cindy_Resendes@cinfin.com>
**Sent:** Monday, November 17, 2025 1:44 PM
**To:** Raymond Tomlinson
**Subject:** RE: Claim# 4583781

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

Good Afternoon –
We have sent out our coverage position letter to your office – our position has not changed. We will await suit paperwork – thank you

Cindy Resendes
Senior Claims Specialist 1
The Cincinnati Insurance Companies
P.O. Box 109
Hudson, MA 01749
(978) 875-5822 Cell
(888) 238-1583

THE CINCINNATI INSURANCE COMPANIES Everything Insurance Should Be®

***Confidentiality notice:*** *The information included in this email, including any attachments, is for the sole use of the intended recipient and may contain information that is confidential and protected. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and delete all copies of the original message immediately. For additional information on our privacy policies, including state specific information, please visit our privacy policy.*

**Fax Confidentiality Notice**

***Confidentiality notice:*** *The information in this facsimile, including any attachments, is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and destroy or return all copies of the original message. If you would like to opt out of receiving faxes in the future, please either fax a request back to the number shown above or send an e-mail to ConsumerRelations@cinfin.com. A failure to comply with your request within 30 days is unlawful. For additional information on our privacy policies, including state specific information, please visit our privacy policy.*

If you have questions, please contact Paul Seibel, 513-371-7661.

---

**From:** Raymond Tomlinson <rht@tomlinsonlaw.com>
**Sent:** Sunday, November 16, 2025 6:54 PM
**To:** Resendes, Cindy <Cindy_Resendes@cinfin.com>
**Subject:** RE: Claim# 4583781

Hello Ms. Resendez, good evening.

I am tied up with a 176D jury trial that will run through to Thanksgiving and expect to return my attention to this matter promptly thereafter.

As I understand, there was no “repair” performed to the toilet; rather, the plumber simply removed the toilet to confirm that each of toilet’s components (the float/stopper, wax seal, supply line and/or toilet tank/bowl seal itself) was not defective. Importantly, the plumber will testify that the flooding event either occurred because your insurer continued to flush the clogged toilet, causing overflow, or overflowed the tub, because a one-time flush of a clogged toilet releases only 1.25 gallons of water and that is insufficient to cause the extensive damage reported.

Rather, as noted above, it is more likely that your insured either repeatedly flushed the toilet to clear the clog (and then removed evidence of the clog) and/or overflowed the tub, either or the combination of which was sufficient to have flooded the bathroom floor and set off the water alarm before the extensive damage would have occurred. Notably, your insured removed the alarm sensor from the floor, which is further evidence that the floor was flooded and would have triggered the alarm. Where the toilet itself was not found to be defective, and no other plumbing system was found to be defective, there is simply no other reasonable explanation for the flood event.

As such, I hope that you or defense counsel will forthwith respond to claimant’s demand with a reasonable offer of settlement and, if not, we can look to quickly placing the matter into suit and scheduling depositions.

Best regards,

Raymond H. Tomlinson, Jr., Esq.
TOMLINSON | LAW
76 Tupper Road, Suite #11
Sandwich, MA 02563
Telephone: (508) 348-9030
Facsimile: (508) 422-0930
www.tomlinsonlaw.com [tomlinsonlaw.com]

**IRS Circular 230 Disclaimer**: To ensure compliance with IRS Circular 230, any U.S. federal tax advice provided in this communication is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer (i) for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or (ii) in promoting, marketing or recommending to another party a partnership or other entity, investment plan, arrangement or other transaction addressed herein. Please contact our office for more information on this disclaimer.

---

**From:** Resendes, Cindy <Cindy_Resendes@cinfin.com>
**Sent:** Thursday, October 23, 2025 6:00 PM
**To:** Raymond Tomlinson <rht@tomlinsonlaw.com>
**Subject:** RE: Claim# 4583781

Thank you for your response –
My insured as present when the plumber repaired the toilet. Do you have a plumbers report indicating what caused the toilet to leak?
At this time we do not see negligence on the part of our insured, without supporting evidence to support our insured was negligence we will not be able to move forward which would result in a denial of liability.

Cindy Resendes
Senior Claims Specialist 1
The Cincinnati Insurance Companies
P.O. Box 109
Hudson, MA 01749
(978) 875-5822 Cell

(888) 238-1583

THE CINCINNATI INSURANCE COMPANIES Everything Insurance Should Be®

***Confidentiality notice:*** *The information included in this email, including any attachments, is for the sole use of the intended recipient and may contain information that is confidential and protected. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and delete all copies of the original message immediately. For additional information on our privacy policies, including state specific information, please visit our privacy policy.*

**Fax Confidentiality Notice**

***Confidentiality notice:*** *The information in this facsimile, including any attachments, is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and destroy or return all copies of the original message. If you would like to opt out of receiving faxes in the future, please either fax a request back to the number shown above or send an e-mail to ConsumerRelations@cinfin.com. A failure to comply with your request within 30 days is unlawful. For additional information on our privacy policies, including state specific information, please visit our privacy policy.*

If you have questions, please contact Paul Seibel, 513-371-7661.

---

**From:** Raymond Tomlinson <rht@tomlinsonlaw.com>
**Sent:** Thursday, October 23, 2025 5:49 PM
**To:** Resendes, Cindy <Cindy_Resendes@cinfin.com>
**Subject:** RE: Claim# 4583781

Thank you, Ms. Resendes, for acknowledging the Letter of Representation.

In the event you did not receive the same, attached please find a Notice of Claim which was delivered to your insured. As detailed therein, your insured's liability is reasonably clear, as are the extensive damages.

I am happy to provide you with my firm's IRS W-9 upon acceptance of an offer of settlement.

Best regards,

Raymond H. Tomlinson, Jr., Esq.
TOMLINSON | LAW
76 Tupper Road, Suite #11
Sandwich, MA 02563
Telephone: (508) 348-9030
Facsimile: (508) 422-0930
www.tomlinsonlaw.com [tomlinsonlaw.com]

**IRS Circular 230 Disclaimer**: To ensure compliance with IRS Circular 230, any U.S. federal tax advice provided in this communication is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer (i) for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or (ii) in promoting, marketing or recommending to another party a partnership or other entity, investment plan, arrangement or other transaction addressed herein. Please contact our office for more information on this disclaimer.

**From:** Resendes, Cindy <Cindy_Resendes@cinfin.com>
**Sent:** Thursday, October 23, 2025 5:33 PM
**To:** Raymond Tomlinson <rht@tomlinsonlaw.com>
**Subject:** Claim# 4583781

Please see attached LOR acknowledgement – thank you


Cindy Resendes
Senior Claims Specialist 1
The Cincinnati Insurance Companies
P.O. Box 109
Hudson, MA 01749
(978) 875-5822 Cell
(888) 238-1583


THE CINCINNATI INSURANCE COMPANIES Everything Insurance Should Be®


***Confidentiality notice:*** *The information included in this email, including any attachments, is for the sole use of the intended recipient and may contain information that is confidential and protected. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and delete all copies of the original message immediately. For additional information on our privacy policies, including state specific information, please visit our privacy policy.*

**Fax Confidentiality Notice**

***Confidentiality notice:*** *The information in this facsimile, including any attachments, is for the sole use of the intended recipient and may contain confidential and privileged information. Any unauthorized review, use, disclosure, distribution or similar action is prohibited. If you are not the intended recipient, please contact the sender and destroy or return all copies of the original message. If you would like to opt out of receiving faxes in the future, please either fax a request back to the number shown above or send an e-mail to ConsumerRelations@cinfin.com. A failure to comply with your request within 30 days is unlawful. For additional information on our privacy policies, including state specific information, please visit our privacy policy.*

If you have questions, please contact Paul Seibel, 513-371-7661.

# EXHIBIT B

TOMLINSON | LAW
76 TUPPER ROAD, SUITE #11
SANDWICH, MASSACHUSETTS 02563
TELEPHONE: (508) 348-9030
FACSIMILE: (508) 422-0930

Raymond H. Tomlinson, Jr.
*rht@tomlinsonlaw.com*

September 15, 2026

**VIA EMAIL to adukonis@litchfieldcavo.com AND jgarrasi@mmmk.com**

Nora R. Adukonis, Esq.
LITCHFIELD CAVO, LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940-2682

John R. Garrasi, Esq.
MARTIN, MAGNUSON, MCCARTHY & KENNEY, P.C.
101 Merrimac Street, 7th Floor
Boston, Massachusetts 02114-4716

RE: *1942 Realty, LLC v. Matthew W. Bonanno, et als.*, C.A. No. 2675CV00024 (Nantucket Sup. Ct.)

**RENEWED REQUEST TO PRODUCE OR STIPULATE PRIOR TO THE OCTOBER 1, 2026 MOTION HEARING**

Dear Counsel:

The Court accepted Cincinnati's Rule 9A package yesterday, September 14, 2026, and has scheduled an in-person hearing on the Motion to Dismiss and 1942's Cross-Motion for Thursday, October 1, 2026 at 2:00 p.m. I write now so that the requests set out below can be answered and placed before the Court in advance of the hearing.

## I. Service on the Bonanno Defendants and on Jane Doe Is Complete.

Owner completed service on Matthew W. Bonanno, Emily J. Bonanno, and the defendant pleaded as Jane Doe a/k/a "Chloe" on September 14, 2026 at 155 East 72nd Street, Apartment 9A, New York, New York 10021. Service was made under CPLR 308(2) by delivery to a person of suitable age and discretion at the residence, following three prior attempts at varied hours on July 31, August 12, and September 12, 2026, with confirmatory mailing required by statute to follow. Upon receipt, 1942 will file the affidavits of service with the Court.

1942 brings this to your attention because it removes the premise from a portion of Cincinnati's argument. Cincinnati has asked the Court to dismiss Count XI in part on the footing that its insureds are not before the Court and have no voice on the coverage question. The insured defendants are now before the Court.

On August 21, 2026, I corresponded with Attorney Garrasi and asked for confirmation whether counsel was authorized to accept service on behalf of each of his clients, and whether he represented the defendant pleaded as Jane Doe. I have not received a response to either question and ask that defense counsel answer both now.

1942 also renews its request that counsel provide Jane Doe's full legal name, last known residential address, telephone number, and email address, and the dates and terms of her engagement during the August 16–30, 2025 rental period. 1942 has effected service upon her at 155 East 72nd Street, Apartment 9A. If your clients contend that the apartment was neither her dwelling place nor her actual place of business, please say so now and furnish the correct address. Owner would rather correct the record promptly than litigate the point a month from now.

## II. Cincinnati's Stated Position.

Cincinnati's position across both of its September 9, 2026 filings is that there is nothing here to declare. The Reply states that the reference to panel counsel suggests no present controversy exists between the Bonanno Defendants and their insurer. The Opposition states that realignment is unnecessary because Cincinnati and its insureds are united in a common interest, and that Cincinnati denied liability to 1942 rather than coverage to its insureds. 1942 takes Cincinnati at its word and, as discussed herein, asks of Cincinnati to confirm its position either through production or stipulation.

At page 3 of its Opposition, Cincinnati argues that insureds who are not content to have the insurer defend in accordance with the policy, absent assurances as to indemnity against a potential judgment, retain the option to demand a defense without reservation. Cincinnati cites Herbert A. Sullivan, Inc. v. Utica Mutual Insurance Co., OneBeacon America Insurance Co. v. Celanese Corp., and Magoun v. Liberty Mutual Insurance Co. in support. An insured has no occasion to demand a defense without reservation unless a defense is being furnished under a reservation, and each authority upon which Cincinnati relies squarely addresses the divergence of interest that a reservation of rights creates between a carrier and its insured.

In the eleven months since Ms. Resendes wrote to me on October 23, 2025, Cincinnati has not stated that it is defending without reservation, has not stated that it will indemnify a covered judgment, and has not disclaimed.

## III. Renewed Request — Produce or Stipulate.

Owner renews its request that Cincinnati produce:

1. A complete copy of Policy No. 05C011064266, including all endorsements, riders, exclusions, schedules, and declarations pages; and

2. Every reservation of rights letter, coverage position letter, and disclaimer issued to any insured in connection with Claim No. 4583781.

In the alternative, Cincinnati may furnish a written stipulation, suitable for filing, confirming that it is affording a defense to Matthew W. Bonanno, Emily J. Bonanno, and the defendant identified in the Complaint as Jane Doe a/k/a "Chloe" under Policy No. 05C011064266 without reservation of rights, and that it will indemnify any judgment entered against them, within applicable limits, upon a determination that the Loss constitutes a covered occurrence. A stipulation in that form makes production unnecessary. Cincinnati's filings represent that no coverage controversy exists; the stipulation states on the record what the filings assert.

In either case, please confirm whether Cincinnati affords a defense to the nanny defendant. Neither of Cincinnati's filings mentions her, and Attorney Garrasi's letter of August 14, 2026 did not address her. If Cincinnati does not regard her as an insured, please state the basis for that position.

Attorney Garrasi, 1942 separately asks that you confirm whether your clients have received a reservation of rights, coverage position, or disclaimer letter from Cincinnati concerning this claim, and if so, that you produce it. Owner asks of you only what your letter of August 14, 2026 asked of Owner, and for the same reason.

**IV. Consequence.**

If Cincinnati furnishes the stipulation described above, Count XI will have served its purpose and Owner will dismiss Count XI as against Cincinnati by stipulation. Owner has no interest in litigating a coverage question that Cincinnati is prepared to resolve by agreement.

If Cincinnati declines to produce and declines to stipulate, Owner will understand the refusal to confirm that Cincinnati defends its insureds subject to a reservation of rights and will bring this correspondence to the Court's attention at the October 1, 2026 hearing.

**V. Response Requested by September 23, 2026.**

Please respond on or before Wednesday, September 23, 2026, so that any response — or the absence of one — can be presented to the Court with adequate notice to all parties before the hearing.

Please do not hesitate to telephone me to discuss. Superior Court Rule 9C(a) required a conference before service of the Rule 12 motion, and I remain willing to hold it now.

Thank you for your attention to this matter.

Yours very truly,

Raymond H. Tomlinson, Jr.

RHT/
cc: 1942 Realty, LLC (via email)

# EXHIBIT C

## Raymond Tomlinson

**From:** Douglas A. Robertson <DRobertson@mmmk.com>
**Sent:** Monday, October 19, 2026 10:44 AM
**To:** Raymond Tomlinson; John Garrasi
**Cc:** Audrey Bonk; adukonis@litchfieldcavo.com
**Subject:** RE: Rule 26(f) Conference and Proposed Discovery Plan – 1942 Realty v. Bonanno

Hi Ray:
We are all busy this week. We are not able to spend today, or the next few days, in written back and forth. Also, I disagree with your overly broad interpretation of the rules. Lastly, please try to maintain collegiality and not send emails that read as preemptory or dictatorial. We have all been at this a while and know what we are doing.
I look forward to working collegially to effect the prompt resolution of any viable claims and otherwise comply with the applicable conference rules.

Doug

Douglas A. Robertson, Partner
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114-4716
Main 617-227-3240
Direct 857-957-0678
Cell 617-513-8511
Fax 617-227-3346
DRobertson@mmmk.com

---

**From:** Raymond Tomlinson <rht@tomlinsonlaw.com>
**Sent:** Monday, October 19, 2026 10:15 AM
**To:** John Garrasi <JGARRASI@MMMK.COM>
**Cc:** Audrey Bonk <abonk@mmmk.com>; Douglas A. Robertson <DRobertson@mmmk.com>; adukonis@litchfieldcavo.com
**Subject:** Rule 26(f) Conference and Proposed Discovery Plan – 1942 Realty v. Bonanno

Counsel,

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.1, and the Court's September 29, 2026 Notice, 1942 Realty proposes that the parties conduct the required Rule 26(f) conference by written correspondence today. The Court's Notice requires counsel to confer regarding the agenda for the November 12 scheduling conference, a proposed pretrial schedule including a discovery plan, and whether the parties will consent to trial before a magistrate judge. The Notice further contemplates that, where the parties disagree, their respective positions and the nature of the disagreement will be separately stated in the joint submission. 1942's present positions are set forth below. Please provide the Bonanno Defendants' and Cincinnati's positions on each item, including any proposed alternative dates or limitations, by **4:00 p.m. today**. If either of you believes that a telephone or video conference is necessary in addition to this written conferral, please advise and provide availability for today or tomorrow morning.

- **Rule 26(a)(1) Initial Disclosures.** 1942 proposes that the parties exchange initial disclosures no later than **November 2, 2026**. Those disclosures should include all information required by Rule 26(a)(1), including the complete insurance agreement or agreements potentially available to satisfy or indemnify any judgment in this action.

- **Cincinnati Policy and Coverage Materials.** Cincinnati should produce with its initial disclosures the complete policy issued to Matthew and/or Emily Bonanno, including declarations, endorsements, riders, amendments, exclusions, schedules, and applicable limits. The Bonannos should likewise produce the same for its policy with Cincinnati, together with the same for all other policies of insurance in effect as of the date of loss. 1942 also intends promptly to seek nonprivileged reservation-of-rights letters, coverage-position letters, disclaimers, tender/acknowledgment communications, and identification of claims or coverage personnel with relevant knowledge.

  1942 has repeatedly requested both the Policy and any nonprivileged reservation-of-rights or other coverage-position correspondence. Those requests have not been satisfied. 1942 separately asked counsel for the Bonanno Defendants to confirm whether his clients received any reservation-of-rights, disclaimer, coverage-position, or similar correspondence from Cincinnati and, if so, to provide it. Counsel has declined to state whether Cincinnati is defending the Bonanno Defendants with or without a reservation and has instead directed 1942 to Cincinnati for that information.

  At this stage, the issue should not be deferred further. Cincinnati possesses its own Policy and coverage correspondence, and the Bonanno Defendants possess or have access to communications Cincinnati sent to them concerning the defense and coverage of this claim. 1942 expects the Policy to be produced with Cincinnati's Rule 26(a)(1) disclosures and expects the parties promptly to produce, in response to appropriate discovery, any nonprivileged reservation-of-rights or other coverage-position correspondence so that the parties and the Court are addressing the pending coverage and alignment issues on an accurate record at the November 12 hearing.

- **Jane Doe a/k/a "Chloe."** 1942 has repeatedly requested that the Bonanno Defendants identify Jane Doe a/k/a "Chloe", their former nanny, and provide basic contact information sufficient to permit 1942 to communicate with and provide notice to her. Counsel for the Bonanno Defendants has declined to provide that information. In prior correspondence, Attorney Garrasi advised that he represents Matthew and Emily Bonanno only, does not represent Chloe, did not know her full name, and had not asked his clients for it. 1942 thereafter renewed its request for her full legal name, last-known residential address, telephone number, e-mail address, employment or placement information, and the dates and terms of her engagement during the August 2025 rental.

  The Bonanno Defendants have now acknowledged in their Answer that Jane Doe was present at the Premises during portions of the Bonannos' occupancy. Their position does not state that they are unable to identify the person they admit was present. Despite repeated requests, however, her identity still has not been provided. This information should be supplied now. The Bonanno Defendants are plainly in the best position to identify the individual who accompanied their family and whom the pleadings identify as their nanny.

  Cincinnati may also possess responsive identifying information through its claim investigation, communications with its insureds, or defense file.

  1942 therefore expects the Bonanno Defendants and Cincinnati, to the extent each possesses responsive information, to provide Chloe's full legal name and last-known contact information promptly. To the extent she is an individual likely to have discoverable information that either

Defendant may use to support its claims or defenses, she should of course be identified in the appropriate Rule 26(a)(1) disclosure. In all events, 1942 intends immediately to seek the information through discovery and expects it to be provided before the November 12 Rule 16 conference.

The need for that information is not merely ordinary merits discovery. The Court's September 29 Notice specifically makes Plaintiff's counsel responsible for ensuring that parties who have not answered or appeared receive notice of the November 12 conference. 1942 cannot meaningfully discharge that obligation while the parties exclusively possessing or likely possessing the identifying information continue to withhold it.

- **Liability and Causation Discovery.** 1942 intends to seek discovery concerning the events preceding and following the water loss, including use and condition of the third-floor bathroom, and supervision of the Bonannos' child; the discovery and duration of the leak; operation of the toilet shutoff valve; communications among the Bonannos, Chloe, insurance adjusters and claims examiners, Great Point Properties, and property-management personnel; photographs, videos, and recordings; and the installation, operation, movement, or disabling of the water sensor.

- **Affirmative Defenses and Third-Party Causation.** 1942 intends to seek the factual and documentary basis for any contention that 1942, Great Point Properties, Sherburne Management, maintenance or repair personnel, plumbing conditions, contractors, or other persons or entities caused or contributed to the loss or damages.

- **Great Point Properties.** 1942 intends to serve third-party discovery upon Great Point Properties. The anticipated subpoena will seek the Bonanno rental file; communications concerning the loss; documents identifying Chloe; statements obtained from the Bonannos, the nanny and other witnesses concerning the loss; communications concerning the Bonannos' occupancy and the loss; relevant photographs or videos; records concerning Owner's damage submissions; and documents bearing on the Bonanno Defendants' affirmative defenses concerning Great Point and the occupancy agreement.

- **Depositions.** 1942 presently anticipates depositions of Matthew Bonanno, Emily Bonanno, Jane Doe/Chloe once identified, Jim Garrels and others at Great Point Properties involved with the rental, relevant property-management personnel, and such other fact witnesses as discovery identifies. Depending on the disposition of Count XI and the coverage record, 1942 may also seek appropriate corporate or claims testimony from Cincinnati.

- **ESI and Preservation.** The parties should continue preserving relevant electronically stored information, including e-mail, text messages, iMessages, and other messaging-platform communications. Principal custodians presently include Matthew Bonanno, Emily Bonanno, relevant Cincinnati personnel, and individuals communicating with Great Point or Chloe concerning the loss.

- **Discovery Sequencing.** 1942 does not agree to stay discovery pending disposition of Cincinnati's motion to dismiss Count XI. 1942 proposes that discovery proceed immediately, with early priority given to: (1) the Cincinnati Policy and related nonprivileged coverage materials; (2) Chloe's identity and relationship to the Bonannos; (3) Great Point's contemporaneous statements and records; and (4) the circumstances of the loss.

The first two categories are especially time-sensitive because they bear directly on issues already set for hearing on November 12. 1942 does not agree that Cincinnati or the Bonanno Defendants may postpone production of information uniquely or primarily within their possession until after the Rule 16 conference.

- **Fact Discovery Deadline.** 1942 proposes completion of fact discovery by **June 11, 2027**.

- **Amendment of Pleadings/Parties.** 1942 proposes a deadline of **February 12, 2027**, with the express understanding that identifying and substituting the presently pleaded Jane Doe defendant after discovery reveals her full legal identity will not be treated as untimely merely because her identity was previously unknown.

- **Expert Discovery.** 1942 proposes Plaintiff expert disclosures by **July 16, 2027**, Defendants' expert disclosures by **August 20, 2027**, rebuttal disclosures by **September 17, 2027**, and completion of expert discovery by **October 15, 2027**.

- **Dispositive Motions.** 1942 proposes a **November 19, 2027** deadline for dispositive motions, without affecting the motions presently pending before the Court.

- **ADR and Settlement.** 1942 will comply with the Court's requirement that Plaintiff provide written settlement proposals no later than fourteen days before the November 12 scheduling conference. The parties should identify in the joint statement whether they believe mediation or another ADR procedure may be productive and, if so, at what stage.

- **Litigation Budget.** The Court requires certifications by counsel and an authorized representative of each party concerning discussion of litigation budgeting and alternative courses of litigation. Please advise when your respective client representatives are available to complete that requirement.

- **Magistrate Judge Consent.** 1942 does not presently consent to trial before a magistrate judge. Please state your respective positions.

- **Joint Statement.** The Court requires the parties to file a joint statement containing the proposed discovery plan and motion schedule and permits the parties to state separately the subjects on which they disagree. I propose that we circulate a first draft promptly after receiving everyone's positions.

Please respond to the foregoing with your respective positions and any proposed alternatives. 1942 does not understand the Court's Notice to require unanimity as to the discovery plan; where there is disagreement, we can identify the competing positions in the joint statement as the Court directs.

For clarity, 1942's position is that the Cincinnati Policy should be produced with Cincinnati's Rule 26(a)(1) disclosures, and that Chloe's identifying information and any nonprivileged reservation-of-rights or coverage-position correspondence should be produced promptly through the Rule 26 disclosure and discovery process and, in all events, sufficiently in advance of the November 12 conference to permit the parties and the Court to address the pending issues on an informed record.

If you would prefer a short telephone or Zoom conference to complete any portion of the Rule 26(f) process, please provide availability and I will make myself available.

Thank you,

Raymond H. Tomlinson, Jr., Esq.
TOMLINSON | LAW
76 Tupper Road, Suite #11
Sandwich, MA 02563
Telephone: (508) 348-9030
Facsimile: (508) 422-0930
www.tomlinsonlaw.com

**IRS Circular 230 Disclaimer**: To ensure compliance with IRS Circular 230, any U.S. federal tax advice provided in this communication is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer (i) for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or (ii) in promoting, marketing or recommending to another party a partnership or other entity, investment plan, arrangement or other transaction addressed herein. Please contact our office for more information on this disclaimer.

---

**From:** John Garrasi <JGARRASI@MMMK.COM>
**Sent:** Friday, October 16, 2026 8:34 AM
**To:** Raymond Tomlinson <rht@tomlinsonlaw.com>
**Cc:** Audrey Bonk <abonk@mmmk.com>; Douglas A. Robertson <DRobertson@mmmk.com>; adukonis@litchfieldcavo.com
**Subject:** Re: Conference

Hi Ray:

Nora and I are both available at 2pm for a conference. Please confirm.

Thanks,

Get Outlook for iOS

---

**From:** John Garrasi
**Sent:** Wednesday, 14 October 2026 17:05:04
**To:** Raymond Tomlinson <rht@tomlinsonlaw.com>
**Cc:** Audrey Bonk <abonk@mmmk.com>; Douglas A. Robertson <DRobertson@mmmk.com>; adukonis@litchfieldcavo.com <adukonis@litchfieldcavo.com>
**Subject:** Re: Conference

Hi Ray, I am happy to coordinate with Nora. Please have your assistant reach out to mine, Audrey Bonk, and they can find a time that works for everyone, and send a zoom link.

As of right now, it looks my office will likely be most open on Friday, preferably early morning.

John Garrasi
(518) 514-8120

On Oct 14, 2026, at 4:35 PM, Raymond Tomlinson <rht@tomlinsonlaw.com> wrote:

> Hi John, sorry to have missed your call. Can you coordinate with Nora and circulate some times for Friday or next Monday for the Rule 26 conference?
>
> Thank you,
>
> Ray
>
> Raymond H. Tomlinson, Jr., Esq.
> TOMLINSON | LAW
> 76 Tupper Road, Suite #11
> Sandwich, MA 02563
> Telephone: (508) 348-9030

Facsimile: (508) 422-0930
www.tomlinsonlaw.com

**IRS Circular 230 Disclaimer**: To ensure compliance with IRS Circular 230, any U.S. federal tax advice provided in this communication is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer (i) for the purpose of avoiding tax penalties that may be imposed on the recipient or any other taxpayer, or (ii) in promoting, marketing or recommending to another party a partnership or other entity, investment plan, arrangement or other transaction addressed herein. Please contact our office for more information on this disclaimer.

---

**From:** John Garrasi <JGARRASI@MMMK.COM>
**Sent:** Wednesday, October 14, 2026 4:12 PM
**To:** Raymond Tomlinson <rht@tomlinsonlaw.com>
**Cc:** Douglas A. Robertson <DRobertson@mmmk.com>
**Subject:** Conference

Hi Ray:

I left you a voicemail earlier.

Looking to touch base on the case, and we have some deadlines coming up.

My cell is best at 518-514-8120.

Best,

**John Garrasi, Associate**
Martin, Magnuson, McCarthy & Kenney
101 Merrimac Street
Boston, MA 02114
Direct: (857) 957-0701
Mobile: (518) 514-8120
Fax: (617) 227-3346
*This email may contain confidential or privileged information. If you believe you have received it in error, please notify the sender immediately and delete this message without copying or disclosing it. No waiver of privilege is intended by such an error.*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. Information contained in this e-mail transmission is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521. If you received this message erroneously, please delete this message and any attachments. Please do not save, copy, forward or use misdirected e-mail. Anyone misusing this e-mail will be prosecuted. This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. Information contained in this e-mail transmission is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521. If you received this message

erroneously, please delete this message and any attachments. Please do not save, copy, forward or use misdirected e-mail. Anyone misusing this e-mail will be prosecuted.

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. Information contained in this e-mail transmission is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521. If you received this message erroneously, please delete this message and any attachments. Please do not save, copy, forward or use misdirected e-mail. Anyone misusing this e-mail will be prosecuted. This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. Information contained in this e-mail transmission is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521. If you received this message erroneously, please delete this message and any attachments. Please do not save, copy, forward or use misdirected e-mail. Anyone misusing this e-mail will be prosecuted.
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. Information contained in this e-mail transmission is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521. If you received this message erroneously, please delete this message and any attachments. Please do not save, copy, forward or use misdirected e-mail. Anyone misusing this e-mail will be prosecuted. This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. Information contained in this e-mail transmission is privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Section 2510-2521. If you received this message erroneously, please delete this message and any attachments. Please do not save, copy, forward or use misdirected e-mail. Anyone misusing this e-mail will be prosecuted.